# EXHIBIT A

```
CFN 2006R0836127
OR Bk 24782 Pgs 4566 - 4571; (6pgs)
RECORDED 08/02/2006 13:15:13
MTG DOC TAX 491.40
INTANG TAX 280.68
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

**Prepared By:**
JILL DIETRICH
Wachovia Bank, National Association
Retail Credit Servicing
P.O. Box 50010
Roanoke, VA 24022

**Return To:**
~~Wachovia Bank, National Association~~
WILLIAMS, RAY E
Roanoke, VA 24022

Record and Return To:
Fiserv Lending Solutions
600-A N John Rodes Blvd.
MELBOURNE, FL 32934

## MORTGAGE

THIS MORTGAGE made this day __11__ __July, 2006__ between the Mortgagor, __RAY E WILLIAMS & MARY ANN WILLIAMS__

(herein "Borrower"), and the Mortgagee, Wachovia Bank, National Association, a national banking association organized and existing under the laws of the United States of America, whose address is Wachovia Bank, National Association, 301 South College Street, NC 0630, Charlotte, North Carolina 28288-0630 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S.$ __140341.58__ which indebtedness is evidenced by Borrower's Note dated __07/11/06__ and extensions, modifications and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on __08/09/21__.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described Property located in the County of __MIAMI-DADE__, State of Florida:

which has the address of __17841 NW 84TH PLACE__
__HIALEAH FL     33015__
(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the Property covered by this Mortgage; and all of the foregoing, together with said Property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

**Any Rider ("Rider") attached hereto and executed of even date is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Mortgage, as if the Rider were a part hereof.**

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and, convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note. This Mortgage secures payment of said Note according to its terms, which are incorporated herein by reference.

**2. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations, under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**3. Hazard Insurance.** a) Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any

421024 (Rev 11)                              1                         (2/02) FL Mortgage
*0616390582*

other hazards, including but not limited to floods, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section 5.

b) All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

c) Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when the notice is given.

d) Except as provided in subsection 3(e) below, should partial or complete destruction or damage occur to the Property, Borrower hereby agrees that any and all instruments evidencing insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in a non-interest bearing escrow account with Lender. At Lender's discretion, Lender may release some or all of the proceeds from escrow after Borrower presents Lender with a receipt(s), invoice(s), written estimates(s) or other document(s) acceptable to Lender which relates to the repair and/or improvements of the Property necessary as a result of said damage and/or destruction. Absent an agreement to the contrary, Lender shall not be required to pay Borrower any interest on the proceeds held in the escrow account. Any amounts remaining in the account after all repairs and/or improvements have been made to Lender's satisfaction, shall be applied to the sums secured by this Mortgage. Borrower further agrees to cooperate with Lender by endorsing all checks, drafts and/or other instruments evidencing insurance proceeds and any necessary documents. Should Borrower fail to provide any required endorsement and/or execution within 30 days after Lender sends Borrower notice that Lender has received an instrument evidencing insurance proceeds, or document(s) requiring Borrower's signature, Borrower hereby authorizes Lender to endorse said instrument and/or document(s) on Borrower's behalf, and collect and apply said proceeds at Lender's option, either to restoration or repair of the Property or to sums secured by this Mortgage. It is not the intention of either party that this escrow provision, and/or Lender's endorsement or execution of an instrument(s) and/or document(s) on behalf of Borrower create a fiduciary or agency relationship between Lender and Borrower.

e) Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in section 1 or change the amount of the payments. If under section 15 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Mortgage.

**4. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the Declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**5. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such actions as is necessary to protect Lender's interest.

Any amounts disbursed by Lender pursuant to this section 5, with interest thereon from the date of disbursal, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this section 5 shall require Lender to incur any expense or take any action hereunder.

**6. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in

lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Borrower shall remain liable for full payment of the principal and interest on the Note (or any advancement or obligation) secured hereby, notwithstanding any of the following: (a) the sale of all or a part of the premises; (b) the assumption by another party of Borrower's obligations hereunder; (c) the forbearance or extension of time for payment or performance of any obligation hereunder, whether granted to Borrower or a subsequent owner of the Property; and (d) the release of all or any part of the premises securing said obligations or the release of any party who assumes payment of the same. None of the foregoing shall in any way affect the full force and effect of the lien of this Mortgage or impair Lender's right to a deficiency judgment (in the event of foreclosure) against Borrower or any party assuming the obligations hereunder, to the extent permitted by applicable law. Any forbearance by Lender in exercising any right or remedy hereunder or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Mortgage but does not execute the Note (a "co-signer"): (a) is co-signing this Mortgage only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Mortgage or the Note without the co-signer's consent.

Subject to the provisions of section 14, any Successor in Interest of Borrower who assumes Borrower's obligations under this Mortgage in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Mortgage. Borrower shall not be released from Borrower's obligations and liability under this Mortgage unless Lender agrees to such release in writing. The covenants and agreements of this Mortgage shall bind and benefit the successors and assigns of Lender.

**10. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower or the current owner at the Property Address or at such other address as Borrower may designate in writing by notice to Lender as provided herein, and any other persons personally liable on the Note as their names and addresses appear in Lender's records at the time of giving notice and (b) any notice to Lender shall be given by first class mail to Lender's address at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**11. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflicts shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**12. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note, this Mortgage and Rider(s) at the time of execution or after recordation hereof.

**13. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**14. Transfer of the Property or a Beneficial Interest in Borrower; Assumption.** As used in this section 14, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with section 10 within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies by this Mortgage without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**15. Default; Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this entire Mortgage, including the covenants to pay when due any sums under the Note secured by this Mortgage, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without demand or notice, notice of the exercise of such option being hereby expressly waived. Lender may invoke the power of sale hereby granted. Lender shall have the right to enter upon and take possession of the Property hereby conveyed or shall without taking such possession have the right to sell the same at public auction for cash, after first giving notice of the time, place and terms of such sale by publication once a week for three consecutive weeks prior to said sale, in some newspaper published in said county, and upon payment of the purchase money, Lender, or owner of the debt and this Mortgage, or auctioneer, shall execute to the purchaser for and in the name of Borrowers, a good and sufficient deed to the Property sold. Lender shall apply the proceeds of said sale: first, to the expense of advertising, selling and conveying said Property, including a reasonable attorney's fee; second, to the payment of any amounts that may have been expended or that may then be necessary to expend in paying insurance, taxes and other encumbrances, with interest thereon; third, to the payment in full of the principal indebtedness and interest thereon, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the date of said sale; and fourth, the balance, if any, shall be paid over to said Borrowers or to whomever then appears of record to be the owner of said Property. Lender may bid and become the purchaser of the Mortgaged Property at any foreclosure sale hereunder.

**16. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued if: (a) Borrower pays Lender all sums which then would be due under this Mortgage, the Note and Notes securing Future Advances, if any, had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in section 15 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action, as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**17. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that so long as Borrower is not in default hereunder, Borrower shall, prior to acceleration under section 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration and/or foreclosure under section 15 hereof, or abandonment of the Property, Lender, in person or by agent, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Lender shall be liable to account only for those rents actually received prior to the foreclosure sale as provided in section 15. Lender shall not be liable to account to Borrower or to any other person claiming any interest in the Property for any rents received after foreclosure.

**18. Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

**19. Legislation.** If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of the Note, this Mortgage or any Rider, unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, as otherwise provided in this Mortgage or the Note, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by this Mortgage to be immediately due and payable.

**20. Satisfaction.** Upon payment of all sums secured by this Mortgage, the conveyance of the Property pursuant to this Mortgage shall become null and void and Lender shall release this Mortgage. Borrower shall pay all costs of recordation, if any. Lender, at Lender's option, may allow a partial release of the Property on terms acceptable to Lender and Lender may charge a release fee.

**21. Waiver of Homestead.** Borrower hereby waives all rights of homestead exemption in the Property and relinquishes all rights of dower and curtesy in the Property.

**22. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal, or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this section 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this section 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

### REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
### UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 of any default under the superior encumbrance and of any sale or other foreclosure action.

**IN WITNESS WHEREOF**, Borrower has executed this Mortgage and adopted as his seal the word ("SEAL") appearing beside his name.

Signed, sealed and delivered in the presence of:

_____  
**Witness Signature**

(X) _____ [SEAL]  
Borrower RAY E WILLIAMS  
Address 17841 NW 84TH PLACE  
HIALEAH    FL  33015

Leysi Pumar  
**Witness Print Name**

(X) _____ [SEAL]  
Borrower MARY ANN WILLIAMS  
Address 17841 NW 84TH PLACE  
HIALEAH    FL  33015

Lourdes H. Quesada  
**Witness Signature**

_____ [SEAL]  
Borrower  
Address

Lourdes G. Quesada  
**Witness Print Name**

_____ [SEAL]  
Borrower  
Address

STATE OF Florida  
COUNTY OF Dade

This foregoing instrument was acknowledged before me this  7-11-06  (date) by  
RAY E WILLIAMS  
MARY ANN WILLIAMS

who is personally known to me or who has produced  FLD.  
(type of identification) as identification.

Lourdes H. Quesada  
Notary Public

LOURDES G. QUESADA  
MY COMMISSION # DD 381861  
EXPIRES: December 27, 2008  
Bonded Thru Notary Public Underwriters

Lourdes G. Quesada  
Notary Public Name (Typed, Printed or Stamped)

421024 (Rev 11)                    5                    (2/02) FL Mortgage  
*0616390582*

OR BK 24782 PG 4571
LAST PAGE

G193FB1M

## SCHEDULE A

KNOWN AS: 17841 NW 84TH PLACE

ALL THAT CERTAIN LAND IN MIAMI-DADE COUNTY, FLORIDA, TO-WIT:

LOT(S) 55, BLOCK 61 OF PALM SPGS NORTH, SECTION S AS RECORDED IN PLAT BOOK 86, PAGE 80, ET SEQ., OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.