UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO. 11-21233-CIV-ALTONAGA/Simonton

RAY WILLIAMS; LUIS JUAREZ;
and MIGDALIAH JUAREZ, on
behalf of themselves and all others
similarly situated,

       Plaintiffs,

vs.

WELLS FARGO BANK, N.A.;
WELLS FARGO INSURANCE, INC.;
QBE SPECIALTY INSURANCE
COMPANY; and STERLING
NATIONAL INSURANCE AGENCY,
INC. (n/k/a QBE FIRST INSURANCE
AGENCY, INC.),

       Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

       Upon consideration of the *Joint Motion for Stipulated Protective Order* filed by Plaintiffs

and Defendants in this action, and for good cause shown, the Court hereby enters the following

Order.

       1.     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Ray
Williams, Luis Juarez, and Migdaliah Juarez (collectively "Plaintiffs") and Defendants QBE
Specialty Insurance Company, and QBE FIRST Insurance Agency Inc. (n/k/a Sterling National
Insurance Agency, Inc.) (collectively "Defendants") through their respective counsel, hereby
stipulate to the entry of this Stipulated Protective Order ("SPO") for the protection of certain
confidential, personal, proprietary, financial, and/or trade secret information which may be produced
or otherwise disclosed during the course of this action.

       2.     Plaintiffs and Defendants (collectively the "Parties" and separately each a "Party")
hereby agree that any documents, electronically stored information, or other written material
(collectively "Material") designated and provided by any one Party (the "Providing Party") as
containing "CONFIDENTIAL" information shall not be disclosed by any of the Parties or its

CASE NO. 11-21233-CIV-ALTONAGA

affiliates to anyone other than: (1) Parties to this action, including employees and officers of any Party as long as those employees and officers have been advised of this SPO and the fact that they are bound by its terms; (2) counsel of record for the Parties, including law firm employees; (3) agents, independent consultants, experts, and other professionals retained by a Party in connection with a the pending litigation between the Parties (each a "Consultant"); and (4) the Court and Court personnel for any purpose the Court finds necessary and appropriate.

3.      It is understood by the Parties that Material shall not be designated as "CONFIDENTIAL" unless in the respective Party's view, state or federal law requires such designation or the Material contains confidential, personal, proprietary, financial, and/or trade secret information.

4.      Notwithstanding the foregoing, no Material designated by either of the Parties as "CONFIDENTIAL" shall be disclosed to a Consultant unless and until such Consultant is both informed of this SPO and has agreed, in writing, by signing the attached acknowledgement (the "Acknowledgement") or other instrument similarly preserving the confidentiality of "CONFIDENTIAL" information or summaries thereof: (1) to be bound by the terms of this SPO and (2) not to disclose or otherwise use, for the benefit of anyone other than the Party retaining the Consultant any "CONFIDENTIAL" information. Such Consultant shall return to the retaining Party, at the conclusion of this litigation (herein defined as the conclusion of all informal and formal proceedings arising from or relating to this litigation, including appeals), all originals and copies of such "CONFIDENTIAL" information, and summaries thereof, including work product derived from or based thereon.

5.      The Parties agree they will not designate any Material as "CONFIDENTIAL" information unless they are required to do so by law or, in good faith, they assert that the Material is "CONFIDENTIAL." The limitations on disclosure of "CONFIDENTIAL" information imposed by this SPO shall not apply to materials designated "CONFIDENTIAL" which: (1) are published or broadcast; (2) the providing Party readily discloses to others, without a confidentiality restriction; or (3) the disclosing Party lawfully obtains from a source other than the providing Party, provided that such source obtained the materials neither (a) due to a breach of this SPO, nor (b) from the Providing Party with the understanding that the confidentiality of the Material would be maintained.

6.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this SPO, the Party filing such papers shall either: (1) file public pleadings or briefs or exhibits containing "CONFIDENTIAL" information with the clerk under seal; or, (2) file documents that contain both confidential and non-confidential information with the clerk with the confidential information redacted.

7.      Any Party may seek Court review of the appropriateness of any "CONFIDENTIAL" designation of Material made by a Party pursuant to this SPO, provided that prior to and during the

2

CASE NO. 11-21233-CIV-ALTONAGA

pendency of any such review the Parties will treat the challenged information or documents as "CONFIDENTIAL" as provided herein until the Court issues a final judicial resolution concerning the challenged designation.  Prior to seeking Court review the challenging Party shall attempt to resolve the designation dispute with the designating Party.

8.     Any failure to designate Material as "CONFIDENTIAL" that was the result of mistake or oversight may be cured after the date of production by providing written notice to the other Parties within a reasonable period of time after discovering the mistake or oversight and, to the extent reasonably possible, all others bound by the terms of this SPO.  Upon receipt of such notice, such individuals shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this SPO.

9.     Nothing herein shall be construed as a waiver of any Party's right to object to the production or admissibility, at trial, deposition or hearing, of any evidence or testimony based upon any ground other than confidentiality.  Nor should any terms of this SPO be construed as a limitation on the Producing Party's right to use or disclose its own Material as it sees fit without the prior approval of the other Parties or the Court notwithstanding an earlier designation by the Producing Party of the Material as "CONFIDENTIAL."

10.     Upon the conclusion of this litigation the Parties agree to return or destroy, if permitted by applicable law, all Material designated or marked as "CONFIDENTIAL," including summaries thereof, which are received pursuant to this SPO.  To the extent applicable law requires that "CONFIDENTIAL" information be retained for a period of time after the conclusion of this litigation, the Parties agree to maintain all such "CONFIDENTIAL" information in a manner consistent with the confidentiality obligations set forth herein as the Parties agree that the obligations of confidentiality imposed by this SPO shall survive the conclusion of this litigation to the extent permitted by applicable law.  Once applicable law permits the return or destruction of such CONFIDENTIAL information, the Parties agree to return or destroy all such "CONFIDENTIAL" information.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of September, 2011.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
All Counsel of Record

3

CASE NO. 11-21233-CIV-ALTONAGA

Agreed to and approved by:

s/ Lance Harke
Lance August Harke, Esq.
lharke@harkeclasby.com
Howard Mitchell Bushman, Esq.
hbushman@harkeclasby.com
**Harke Clasby & Bushman, LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Tel: 305-536-8220
Fax: 305-536-8229

Adam M. Moskowitz, Esq.
amm@kttlaw.com
Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Robert Neary, Esq.
rn@kttlaw.com
**Kozyak Tropin & Throckmorton, P.A.**
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Tel: 305-372-1800
Fax: 305-372-3508

Jeffrey N. Golant, Esq.
jgolant@aol.com
1000 W. McNab Road, Suite 150
Pompano Beach, FL 33069
Tel: 954-942-5270
Fax: 954-942-5272

4

CASE NO. 11-21233-CIV-ALTONAGA

Mary Kestenbaum Fortson, Esq.
mkestenbaum@merlinlawgroup.com
Sean Michael Shaw, Esq.
sshaw@merlinlawgroup.com
Chip Merlin, Esq.
cmerlin@merlinlawgroup.com
**Merlin Law Group**
777 S. Harbour Island Boulevard, Suite 950
Tampa, FL 33602
Tel: 813-229-1000
Fax: 813-229-3692

*Counsel for Plaintiffs*

s/ William S. Berk
William S. Berk (Bar # 349828)
wberk@berklawfirm.com
William Xanttopoulos (Bar ID # 997668)
william@wxlaw.net
**Berk, Merchant & Sims, PLC**
2 Alhambra Plaza, Suite 700
Miami, FL 33134
Telephone: (786) 338-2851
Facsimile: (786) 364-1814

Robyn C. Quattrone (*pro hac vice*)
rquattrone@buckleysandler.com
Andrew L. Sandler (*pro hac vice*)
asandler@buckleysandler.com
Jennifer A. Slagle Peck (*pro hac vice*)
jslaglepeck@buckleysandler.com
**BuckleySandler LLP**
1250 24th Street, NW, Suite 700
Washington, DC 20037
Telephone: (202) 349-8000
Facsimile: (202) 349-8080

*Counsel for Defendants QBE Specialty Insurance Company and
QBE First Insurance Agency, Inc. (f/k/a Sterling National Insurance Agency, Inc.)*

5

## ACKNOWLEDGMENT

I am an [agent, independent consultant, expert] retained or otherwise engaged by
_____ (the Retaining Party) in connection with the
litigation known as *Williams  et al. v. Wells Fargo Bank, N.A. et al.*, currently pending in the United
States District Court for the Southern District of Florida, Case No. 11-21233-CIV.  By signing this
acknowledgment, I certify that I have read the confidentiality Stipulated Protective Order in this case
("the SPO") in its entirety.  I fully understand my obligations under the SPO, and I hereby agree to
be bound by its terms during the course of my retention or engagement and thereafter.  In particular,
I agree not to disclose to any non-Party, or otherwise use, for the benefit of anyone other than the
Retaining Party any "CONFIDENTIAL" Material, or summaries thereof, which were provided to
me by the Retaining Party.  I further agree to return to the Retaining Party at the conclusion of this
litigation (herein defined as the conclusion of all informal and formal proceedings arising from or
relating to this investigation, including litigation and appeals), or earlier if requested by the Retaining
Party, all such Materials, or summaries thereof, including work product derived from or based
thereon.


_____
(Signature/Date)


_____
(Printed Name)