## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

RAY WILLIAMS, *et al.*,

                Plaintiffs,                        CASE NO. 1:11-cv-21233-CMA

v.

WELLS FARGO BANK, N.A., *et al.*,

                Defendants.

_____/

## NOTICE OF FILING RE-NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF WELLS FARGO BANK, N.A.'S 30(b)(6) REPRESENTATIVE(S) AND DEFENDANT WELLS FARGO BANK'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF WELLS FARGO BANK'S 30(b)(6) REPRESENTATIVE(S)

Defendants, Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Insurance, Inc. ("Wells Fargo Insurance") hereby files a copy of Re-Notice of Taking the Videotaped Deposition of Wells Fargo Bank, N.A.'s 30(b)(6) Representative(s) and Defendant Wells Fargo Bank's Objections to Plaintiffs' Notice of Taking Videotaped Deposition of Wells Fargo Bank's 30(b)(6) Representative(s), in the above-referenced matter.

                  **CARLTON FIELDS, P.A.**
                  525 Okeechobee Blvd., Suite 1200
                  West Palm Beach, Florida 33401
                  Telephone: (561) 659-7070
                  Facsimile: (561) 659-7368

                  By: /s/ Michael K. Winston
                        Michael K. Winston
                        Florida Bar No. 051403
                        E-mail: mwinston@carltonfields.com
                        David B. Esau
                        Florida Bar No. 650331
                        E-mail: desau@carltonfields.com
                  *Attorneys for Wells Fargo Bank, N.A.,*
                  *and Wells Fargo Insurance, Inc.*

20429353.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/  Michael K. Winston
Michael K. Winston

## SERVICE LIST

| | |
|---|---|
| Lance Harke<br>Howard Busman.<br>**HARKE & CLASBY, LLP**<br>155 South Miami Avenue<br>Suite 600<br>Miami, FL 33130<br>Telephone: 305-536-8220<br>Facsimile: 305-536-8229<br>*Counsel for Plaintiffs*<br>By Notice of Electronic Filing | Adam Moskowitz<br>Thomas A. Tucker Ronzetti<br>Robert Neary<br>**KOZYAK TROPIN & THROCKMORTON**<br>2525 Ponce de Leon, 9th Floor<br>Coral Gables, FL 33134<br>Telephone: 305-372-1800<br>Facsimile: 305-372-3508<br>*Counsel for Plaintiffs*<br>By Notice of Electronic Filing |
| Jeffrey N. Golant<br>1000 West McNab Road, Suite 150<br>Pompano Beach, FL 33069<br>Telephone: 954-942-5270<br>Facsimile: 954-942-5272<br>*Counsel for Plaintiffs*<br>By Notice of Electronic Filing | Chip Merlin<br>Mary E. Fortson<br>Sean M. Shaw<br>**MERLIN LAW GROUP**<br>777 South Harbour Island Boulevard<br>Tampa, FL 33602<br>Telephone: 813-229-1000<br>Facsimile: 813-229-3692<br>*Counsel for Plaintiffs*<br>By Notice of Electronic Filing |
| William S. Berk<br>William Xanttopoulos<br>**BERK, MERCHANT & SIMS, PLC**<br>2 Alhambra Plaza<br>Suite 700<br>Miami, FL 33134<br>Telephone: 786-338-2851<br>Facsimile:  786-364-1814<br>*Counsel for QBE Specialty Insurance Company<br>and Sterling National Insurance Agency,, Inc.*<br>By Notice of Electronic Filing | Andrew L. Sandler<br>Robyn C. Quattrone<br>Jennifer Peck<br>**BUCKLEY SANDLER LLP**<br>1250 24th Street, NW<br>Suite 700<br>Washington, DC 20037<br>Telephone: 202-349-8000<br>Facsimile: 202-349-8080<br>*Counsel for QBE Specialty Insurance Company<br>and Sterling National Insurance Agency,, Inc.*<br>By Notice of Electronic Filing |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:11-21233-ALTONAGA/SIMONTON

RAY WILLIAMS;
LUIS JUAREZ; and MIGDALIAH JUAREZ;
on behalf of themselves and all others
similarly situated;

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS FARGO
INSURANCE, INC.; QBE SPECIALTY
INSURANCE COMPANY; STERLING
NATIONAL INSURANCE AGENCY, INC. (n/ka
QBE FIRST INSURANCE AGENCY, INC.)

        Defendants.

_____/

## RE-NOTICE OF TAKING THE VIDEOTAPED DEPOSITION OF WELLS FARGO BANK NA'S 30(b)(6) REPRESENTATIVE(S)

Pursuant to Rule 30, Fed. R. Civ. P., counsel for Plaintiffs will take the deposition of the below-named person/entity on the date and hour indicated.

**DEPONENT:**      Laurie Vanden Branden. Corporate representative for Wells Fargo Bank, N.A.

**DATE:**      September 27, 2011

**TIME:**      9:00 a.m.

**LOCATION:**      Veritext Ray Reporting
316 North Milwaukee, Suite 575
Milwaukee, WI (Plaintiffs will be conducting depositions remotely from the law Offices of Kozyak, Tropin, & Throckmorton).

The aforesaid deposition will be video recorded before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Wisconsin. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Respectfully submitted this 20th day of September 2011.

Adam M. Moskowitz, Esq.
amm@kttlaw.com
Robert J. Neary, Esq.
rn@kttlaw.com
Javier A. Lopez, Esq.
jal@kttlaw.com
**KOZYAK, TROPIN, &**
**THROCKMORTON, P.A.**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Counsel for Plaintiffs*

Chip Merlin, Esq.
cmerlin@merlinlawgroup.com
Mary E. Fortson, Esq.
mfortson@merlinlawgroup.com
Sean M. Shaw, Esq.
sshaw@merlinlawgroup.com
**MERLIN LAW GROUP, P.A.**
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: 813-229-1000
Facsimile: 813-229-3692
*Counsel for Plaintiffs*

Lance A. Harke, Esq.
lharke@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
**HARKE, CLASBY, & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone:    (305) 536-8220
Facsimile:    (305) 536-8229
*Counsel for Plaintiffs*

Jeffrey N. Golant, Esq.
jgolant@jeffreygolantlaw.com
**LAW OFFICES OF JEFFREY N.**
**GOLANT, P.A.**
1000 W. McNab Road, Suite 150
Pompano Beach, FL 33069
Telephone: 954-942-5270
Facsimile: 954-942-5272
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via e-mail transmission and U.S. Mail to David B. Esau, Esq., desau@carltonfields.com, and Michael K. Winston, Esq., mwinston@carltonfields.com, Carlton Fields, PA, City Place Tower, 525 Okeechobee Blvd., Suite 1200, West Palm Beach, FL 33401. Copies have also been served via e-mail transmission to Robyn C. Quattrone, Esq. rquattrone@buckleysandler.com, and Jennifer A. Slagle-Peck, Esq. jslaglepeck@BuckleySandler.com Buckley Sandler LLP, 1250 24th Street, NW, Suite 700, Washington, DC 20037; William Xanttopoulos,Esq., wxanttopoulos@berklawfirm.com, and William S. Berk, Esq., wberk@berklawfirm.com, Berk, Merchant & Sims, PLC, 2 Alhambra Plaza, Suite 700, Miami, FL 33134.

By: _____
Robert J Neary, Esq.

cc: Veritext Court Reporting

330496

## EXHIBIT A

### I. DEFINITIONS AND INSTRUCTIONS

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1. "Defendant", "Wells Fargo", or "Wells Fargo Bank" refers to Wells Fargo Bank, N.A., its officers, agents, directors, employees, partners, corporate parent, subsidiaries, or affiliates and specifically includes its Wells Fargo Home Mortgage Division. In the case of business entities, these defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities, related entities, or any other entity acting or purporting to act on your behalf.

2. The term "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDAs), minicomputers and mainframe computers.

3. The term "Computer System," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications and/or shareware.

4. The term "Communication" or "Communications" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or Electronic Data, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

5. The term "Database" shall include the term "data bank" and shall mean and refer to any structured collection of electronic information organized into records or rows, together with all other electronic data whose presence is required to analyze and view the information in a full and meaningful way.

6. The term "Documents" as used in this Notice is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34. Consistent with the above definition, the term document shall include, without limitation, any electronically stored information, including written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or

representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

7.     The term "Electronic Data" or "Data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic Data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, Database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, .pdf (portable document format) files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic Data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.  The term Electronic Data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

8.     The term "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 Phone 305.372.1800 Fax 305.372.3508

2

9. The term "Network" means any hardware and/or software combination that connects two or more Computers together and which allows the Computers to share and/or transfer Data between them. For the purposes of this definition, the connection between or among the Computers need not be either physical or direct, i.e., wireless Networks, and sharing and/or transferring Data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or Data server nor a central Network operating system in place, i.e., peer-to-peer Networks and Networks utilizing a mainframe host to facilitate Data transfer.

10. The term "Person" shall mean natural person or any corporations, firms, joint owners, associations, partnerships, joint ventures, trusts, estates, government entities and all other forms of business.

11. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

12. Unless otherwise indicated, the period for which the information is sought is 2006 to the present.

## II.  DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), Wells Fargo Bank NA shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following subject matters:

1. The relationship between Wells Fargo Bank NA and the other named Defendants, in relation to force-placed insurance including:

(a) A brief description of the involvement and activities regarding forced place insurance;

(b) Any and all entities that you have written and/or oral agreements or contracts with in relation to force-placed insurance; and

(c) Any and all work you perform to arrange for or secure force-placed policies when a homeowner's insurance has lapsed.

2. Identification and description of any and all documents relating to the Named Plaintiffs, and all actions taken by you in regards to the Named Plaintiffs, including, but not limited to:

(a)     How, why, and when the force-placed insurance policy was placed upon Named Plaintiffs and how that process differed for any of the other class members; and

(b)     Any and all documents or other information relating to the decision to put force-place insurance on the Named Plaintiffs, including what entity made the decision, all reasons for placing the insurance, what coverage was provided, how the specific coverage was selected, how such amount of coverage and price were determined, and any and all basis and grounds for how that process differed from the other class members.

3.     Be prepared to discuss the specific documents sent to Plaintiffs Ray Williams and Luis and Migdaliah Juarez that are attached as Composite Exhibit B and C, including but not limited to how and where the documents were drafted, any and all parties involved in the drafting and generating of the documents, where such documents are maintained by Wells Fargo Insurance, how many documents in this form were generated and delivered during the class period to class members in Florida and nationwide, how many home owners received such documents during the class period, and how Exhibits B and C varied in any and all manners from similar form documents that were provided to the other class members.

4.     Your policies and procedures relating to the placement of force-placed insurance on homeowners. Including but not limited to:

(a) Your policies and procedures for selecting an insurance company to purchase or otherwise procure a force-placed insurance policy from;

(b) How the amount of the premium for force-placed insurance policies are determined; and

(c) How the amount of any payments or commissions relating to the force-placed insurance policies is determined.

5.     Description of why you consider the force-placed insurance prices reflected in Composite Exhibits B and C to be bona fide and reasonable under the Real Estate Settlement and Procedures Act. (12 U.S.C. § 2601 *et seq*.).

6.     Identification and description of all policies and procedures relating to any and all commissions, bonuses and/or any amounts paid and/or received to and/or from any of the named Defendants, or other entities not named, relating to the placement and/or purchase of force-placed insurance, and specifically in regards to the forced placed insurance for the Named Plaintiffs.

7.     The revenues received by Wells Fargo Bank, NA in relation to force-placed insurance during the class period.

8.     Information related to the records, documents, data, and any other materials related to force-placed insurance kept by Wells Fargo Bank NA including:

(a)     Wells Fargo Bank's policies and practices concerning the deletion, backup, and preservation of Electronic Data.

(b)     The backup and preservation of Data contained on non-Networked storage devices, including laptops, home Computer Systems, and local drives of Networked Computer Systems;

(c)     The deletion of Data from Wells Fargo Bank's computer systems, whether by scheduled, automated, or individualized processes;

(d)     The identity of all people with responsibility for, or the greatest knowledge of, Wells Fargo Bank's policies and practices regarding the items described in (a) through (c) above.

(e)     Identification and description of all Databases, Data, and Data elements related to the billing, invoicing, pricing, and processing of force-placed insurance.

9.     The identification of any and all Wells Fargo Bank employees, agents, or affiliates with knowledge of force-placed insurance policies and procedures and your relationship to the other named Defendants.

# COMPOSITE EXHIBIT B

QBE Specialty Insurance Company
88 Pine Street, 16th Floor
New York, NY 10005
Home Office: c/o CT Corporation
314 East Thayer Avenue
Bismarck, ND 58501-4018

Toll Free Customer Service: 1-800-552-2961
PO BOX 23030, JACKSONVILLE FL 32241-3030

## 90-DAY BINDER

LOAN NUMBER:  **REDACTED**

NOTIFICATION DATE:  06/10/10

**ADDITIONAL NAMED INSURED**
LUIS JUAREZ
MIGDALIA JUAREZ

**REDACTED**

**NAMED INSURED MORTGAGEE**
WELLS FARGO BANK NA #708
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 23030
JACKSONVILLE FL 32241-3030

| | | Amount of Insurance | | Premium |
|---|---|---|---|---|
| BINDER NUMBER **REDACTED** | Dwelling | $ | 453,600 | $ | 23,088.24 |
| **POLICY TERM:** | | | | |
| FROM 03/03/10  TO 03/03/11 | **Deductible - per loss occurrence** | | | |
| ☐NOON  ☒12:01am | Hurricane  Greater Of $2,000 Or 2% Of Coverage Amount | | | |
| | Property is VACANT at time of loss | $ | 1,000 | |
| BINDER IS EFFECTIVE FOR 90 DAYS FROM THE EFFECTIVE DATE SHOWN ABOVE | Vandalism & Malicious Mischief | $ | 1,000 | |
| | All Other covered Losses | $ | 500 | |
| **PROPERTY LOCATION** | SURPLUS LINES TAX | 5.00 % | $ | 1,154.41 |
| **REDACTED** | SERVICE FEE | 0.10 % | $ | 23.09 |
| | PHCF ASSESSMENT | 1.00 % | $ | 230.88 |
| | CITIZENS EMRG ASSMNT FEE | 1.40 % | $ | 323.24 |
| | | | $ | |
| | | | $ | |
| | | | $ | |
| | TOTAL CHARGES | | $ | 24,819.86 |

**IMPORTANT NOTICE:**
This binder covers the residence only.

THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.

For Customer Service questions, please call our toll free Customer Service Number at: 1-800-552-2961

To report a CLAIM, please contact our Claim Department at: 1-800-824-8562
or, you may report a new claim using our website at www.sterlingnationalcorp.com

Countersignature: _Michael C. Seminario_

**Producing Agent:**
Michael C. Seminario, License Number A238341
Sterling National Insurance Agency, Inc.
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

**Surplus Lines Agent:**
Michael C. Seminario, License Number A238341
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

RP1385 0109

Page 1 of 2

CTRLNUM-SEQNUM08-0900000

We have not received a new/renewal insurance policy covering your mortgaged property. We do not believe this was your intention but a lapse in coverage has occurred.

We have secured temporary coverage in the form of a 90-day binder through the Company shown above, and you will be charged for the policy premium. This binder covers the described property for risks of direct loss subject to the terms, conditions, and limitations of the policy in current use by the company. If evidence of acceptable coverage is received during this binder period, you will be charged only for any lapse in coverage.

Please remember, it is your responsibility to maintain property insurance coverage on your property. If evidence of acceptable coverage is not received, a policy will be obtained through the Company shown above.

This coverage will be cancelled back to the original effective date, with no premium charge applying, if you provide coverage effective on or before the effective date of this binder.

RP1385 0109

CTR.LNUM-SEQNUM490-0040000

Wells Fargo Home Mortgage #708
P.O. Box 23030, Jacksonville, FL 32241-3030
800-552-2961



NOTICE OF EXPIRATION OF INSURANCE

CL1NE8780012345878901234557890123455878901234567890123458

LUIS JUAREZ
MIGDALIA JUAREZ

NOTIFICATION DATE:
05/11/10

REDACTED

LOAN NUMBER:

REDACTED

| Insurance Expiration Date:<br>03/03/10 | Property Address:<br><br>REDACTED |
| --- | --- |

We have not received a copy of your renewal fire/homeowners insurance policy. We are concerned that the insurance on your dwelling/structure may have lapsed.

Please send a copy of your current policy or declarations page to the address shown below or fax it to 1-904-732-7786:

WELLS FARGO BANK NA #708
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 23030
JACKSONVILLE FL 32241-3030

It is very important that we receive this information in our office immediately. Once we have received the information, we will update our records.

If we obtain the insurance, it will be obtained with the assistance of Wells Fargo Insurance, Inc., a licensed insurance agency and affiliate of Wells Fargo Bank, N.A. Wells Fargo Insurance, Inc. will receive a commission on the insurance we obtain. Wells Fargo Bank, N.A., is not affiliated with the insurance company.

Thank you for taking time to help us resolve this matter. We appreciate the opportunity to serve you and look forward to meeting your mortgage needs. If you have questions regarding this matter, please feel free to call us at 1-800-552-2961. For fastest service, we invite you to contact us during our non peak hours of 7:00 am to 7:00 pm (CT) Wednesday through Friday. For your convenience, we are also available Monday through Friday from 7:00 am to 7:00 pm (CT). One of our Customer Service Representatives will be happy to help you.

Continued on Back

WMWRNHD1   04/05/10

20100511-00006637

CTRLNUM-SEQNUM400-0000000

### Fair Debt Collection Practices Act Disclosure

Wells Fargo Home Mortgage is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Home Mortgage will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 am or after 9:00 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1–877–FTC–HELP or www.ftc.gov.

CTRLNUM-SEQNUM400-0000000

Wells Fargo Home Mortgage #708
P.O. Box 23030, Jacksonville, FL 32241-3030
800-552-2961



CLINE67800123456878901234567890123456780012345678901234567890123458
LUIS JUAREZ
MIGDALIA JUAREZ

**REDACTED**

NOTICE OF TEMPORARY HAZARD
INSURANCE

NOTIFICATION DATE:
06/10/10

LOAN NUMBER:

**REDACTED**

| Insurance Expiration Date:<br>03/03/10 | Property Address:<br><br>**REDACTED** |
| --- | --- |

Our records show that we have not received a new or renewal insurance policy covering your house. It appears that you do not have insurance as of the expiration date shown above.

We have secured temporary insurance coverage, from the insurance expiration date as shown above, through QBE Specialty Insurance Company. This binder cannot be renewed. It covers your house for risks of direct loss subject to the terms of the policy. It does not protect your personal property, nor does it provide you with liability against injuries that occur on your property.

In the mortgage documents you signed, you agreed to keep insurance on your house. Failure to do so is a breach of those requirements. You have the right to purchase insurance from the insurance company of your choice. Please contact your agent or insurance company and purchase coverage. If you have already done so, please forward a copy of your policy, referencing the loan number shown above. If you prefer, you may visit our website at www.updatemyinsurance.com/Wells and update your insurance on line. You may also fax the information to us at 1-904-732-7786. Please provide this information within the next 30 days and be sure your policy includes a Mortgagee Clause or Lenders Loss Payable Endorsement payable to:

WELLS FARGO BANK NA #708
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 23030
JACKSONVILLE FL 32241-3030
Loan Number:   **REDACTED**

Upon prompt receipt of your policy, this policy will be cancelled. There is no charge to you if there has been no lapse in coverage. You will be charged for any gap in coverage between your last policy and your new policy.

Continued on Back

WMWRBH02  04/06/10

20100610-00007506

CTRL.NUM-SSQNUM00-0000000

Wells Fargo Home Mortgage #708
P.O. Box 23030, Jacksonville, FL 32241-3030
800-552-2961



NOTICE OF HAZARD INSURANCE
RENEWAL

LUIS JUAREZ
MIGDALIA JUAREZ

**REDACTED**

NOTIFICATION DATE:
07/16/10

LOAN NUMBER:

**REDACTED**

| Insurance Effective Date:<br>03/03/10 | Property Address:<br><br>**REDACTED** |
|---|---|

Enclosed is a policy that renews your lender placed hazard insurance policy. We originally obtained this policy for your house because you did not provide acceptable proof of hazard insurance coverage to us. The renewal premium will be charged to your escrow account.

In the mortgage documents you signed, you agreed to keep insurance on your house. Failure to do so is a breach of the requirements of your mortgage. We obtained this policy for you because we did not receive proof that you have obtained insurance.

This policy many be cancelled at any time by giving us proof of other insurance. You will then be charged only for the days that this policy was needed. Any unused premium will be refunded to your escrow account.

The amount of insurance shown on the policy is based on your last known coverage amount. This amount of insurance may not be adequate to rebuild your home in the event of a loss and you may want to consider increasing the amount of your coverage. If you have information to verify that the amount of insurance should be different, please notify us. This request must be in writing and should be sent to us at the address shown at the top of this letter. Please put your loan number on your letter.

This lender placed policy insures your house structure only. It does not protect your personal property, nor does it protect you for liability against accidents that occur on your property, unless you previously requested this coverage from the insurer and your prior lender placed insurance policy indicated these coverages on the policy declaration. For example, if your house was burglarized, this policy would not cover the stolen property.

Because this policy will insure your property without inspection, the cost of the insurance we provide may be higher than the amount you would pay if you were to purchase coverage from the insurance company of your choice.

Continued on Back

WMPOLH02   04/05/10

The insurance has been obtained with the assistance of Wells Fargo Insurance, Inc., a licensed insurance agency and affiliate of Wells Fargo Bank, N.A. Wells Fargo Insurance, Inc. will receive a commission on the insurance we obtain. Wells Fargo Bank, N.A., is not affiliated with the insurance company.

If you have any questions or believe there is an error in our records, please call us at 1–800–552–2961, Monday through Friday from 7:00 am to 7:00 pm, Central Time. One of our Customer Service Representatives will be happy to help you.

### Fair Debt Collection Practices Act Disclosure

Wells Fargo Home Mortgage is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Home Mortgage will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 am or after 9:00 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1–877–FTC–HELP or www.ftc.gov.

QBE Specialty Insurance Company
88 Pine Street, 16th Floor
New York, NY 10005
Home Office: c/o CT Corporation
    314 East Thayer Avenue
    Bismarck, ND 58501-4018

Toll Free Customer Service: 1-800-552-2961
PO BOX 23030, JACKSONVILLE FL 32241-3030

**Additional Named Insured Certificate**

LOAN NUMBER: **REDACTED**

NOTIFICATION DATE: 07/16/10

**ADDITIONAL NAMED INSURED**
LUIS JUAREZ
MIGDALIA JUAREZ

**REDACTED**

**NAMED INSURED MORTGAGEE**
WELLS FARGO BANK NA #708
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 23030
JACKSONVILLE FL 32241-3030

| POLICY NUMBER  **REDACTED** | | Amount of Insurance | | Premium | |
|---|---|---|---|---|---|
| | Dwelling | $ | 453,600 | $ | 23,088.24 |
| POLICY TERM: | Personal Property Endorsement | $ | 0.00 | $ | 0.00 |
| | Additional Living Expense Endorsement | $ | 0.00 | $ | 0.00 |
| FROM 03/03/10  TO 03/03/11 | Other Endorsements | | | $ | 0.00 |
| ☐ NOON  ☒ 12:01am | Deductible - per loss occurrence | | | | |
| |   Hurricane  Greater Of $2,000 Or 2% Of Coverage Amount | | | | |
| |   Property is VACANT at time of loss | $ | 1,000 | | |
| |   Vandalism & Malicious Mischief | $ | 1,000 | | |
| |   All Other covered Losses | $ | 500 | | |
| PROPERTY LOCATION | | Limit of Liability | | Premium | |
| **REDACTED** | Personal Liability Endorsement | $ | 0.00 | $ | 0.00 |
| | Medical Payments | $ | 0.00 | | |
| ENDORSEMENTS ATTACHED AND FORMING A PART OF THE POLICY | SURPLUS LINES TAX | | 5.00 % | $ | 1154.41 |
| RP1182 (0109),RP1200 (0109),RP1201 (0109),IL1701 (0510), RP1509 (0109),RP1480 (0109),RP1909 (0109),RP2000 (0109), QBGS01 (0109),IL1710 (0109),IL1703 (0109),IL1705 (0109), IL1401 (0109) | SERVICE FEE | | 0.10 % | $ | 23.09 |
| | PHCF ASSESSMENT | | 1.00 % | $ | 230.88 |
| | CITIZENS EMRG ASSMNT FEE | | 1.40 % | $ | 323.24 |
| | | | | $ | |
| | | | | $ | |
| | | | | $ | |
| | TOTAL CHARGES | | | $ | 24,819.86 |

## THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES.

**THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.**

Countersignature: *Michael C. Seminario*

Producing Agent:
Michael C. Seminario, License Number A238341
Sterling National Insurance Agency, Inc.
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

Surplus Lines Agent:
Michael C. Seminario, License Number A238341
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

RP1182 0109

Page 1 of 2

**Personal Property and Personal Liability Coverages** - If an Amount of insurance and premium charge are shown on this certificate for this coverage, we will cover your personal property in the Dwelling against the perils specified in the Personal Property Endorsement. If a Limit of Liability and premium charge is shown for this coverage, we will also cover your personal liability. Please refer to the applicable endorsement for a description of the type and scope of coverage provided. These endorsements are available only for a residence that is owner occupied. These coverages are void if the residence is vacant or occupied by someone other than the Additinal Named Insured shown above.

**DEDUCTIBLES:** Please refer to the deductibles shown above for the coverage provided by this policy.

Subject to the terms and provisions of this policy and the coverage forms and endorsements attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Named Insured with respect to such property, subject to the following additional provisions:

(a) The above Named Insured Mortgagee is authorized to act for such Additional Named Insured(s) in all matters pertaining to this insurance including receipt of Notice of Cancellation; and return premium, if any.

(b) The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Named Insured for the insurance afforded.

(c) Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

For Customer Service questions, please call our toll free Customer Service Number at:
1-800-552-2961

To report a CLAIM, please contact our Claim Department at 1-800-824-8562
or, you may report a new claim using our website at www.sterlingnationalcorp.com

RP1182 0109

# COMPOSITE EXHIBIT C

QBE Specialty Insurance Company
88 Pine Street, 16th Floor
New York, NY 10005
Home Office: c/o CT Corporation
314 East Thayer Avenue
Bismarck, ND 58501-4018

Toll Free Customer Service: 1-866-445-8407
P.O. BOX 8129, JACKSONVILLE, FL 32239-0129

**Additional Named Insured Certificate**

**REDACTED**

NOTIFICATION DATE:  12/27/10

ADDITIONAL NAMED INSURED
RAY E WILLIAMS
MARY ANN WILLIAMS

**REDACTED**

NAMED INSURED MORTGAGEE
WELLS FARGO BANK, N.A.
ITS SUCCESSORS AND/OR ASSIGNS
P.O. BOX 8129
JACKSONVILLE, FL 32239-0129

| | | Amount of Insurance | | Premium | |
|---|---|---|---|---|---|
| POLICY NUMBER **REDACTED** | Dwelling | $ | 401,100 | $ | 1,621.97 |
| POLICY TERM: | Personal Property Endorsement | $ | 0.00 | $ | 0.00 |
| FROM 10/17/10     TO 11/15/10 | Additional Living Expense Endorsement | $ | 0.00 | $ | 0.00 |
| ☐NOON   ☒ 12:01am | Other Endorsements | | | $ | 0.00 |
| | Deductible - per loss occurrence | | | | |
| | Hurricane  Greater Of $2,000 Or 2% Of Coverage Amount | | | | |
| | Property is VACANT at time of loss | $ | 1,000 | | |
| | Vandalism & Malicious Mischief | $ | 1,000 | | |
| | All Other covered Losses | $ | 500 | | |
| PROPERTY LOCATION | | Limit of Liability | | Premium | |
| **REDACTED** | Personal Liability Endorsement | $ | 0.00 | $ | 0.00 |
| | Medical Payments | $ | 0.00 | | |
| ENDORSEMENTS ATTACHED AND FORMING A PART OF THE POLICY | SURPLUS LINES TAX | | 5.00 % | $ | 81.10 |
| RP1182 (0109),RP1200 (0109),RP1201 (0109),IL1701 (0510), RP1509 (0109),RP1480 (0109),RP1900 (9109),RP3000 (0109), QBG501 (0109),IL1710 (0109),IL1703 (0109),IL1705 (0109), IL1401 (0109) | SERVICE FEE | | 0.10 % | $ | 1.62 |
| | FHCF ASSESSMENT | | 1.00 % | $ | 16.22 |
| | CITIZENS EMRG ASSMNT FEE | | 1.40 % | $ | 22.71 |
| | | | | $ | |
| | | | | $ | |
| | | | | $ | |
| | TOTAL CHARGES | | | $ | 1,743.62 |

## THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES.

**THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.**

Countersignature: _Michael C. Seminario_

Producing Agent:
Michael C. Seminario, License Number A238341
Sterling National Insurance Agency, Inc.
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

Surplus Lines Agent:
Michael C. Seminario, License Number A238341
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

RP1182 0109

Page 1 of 2



Wells Fargo Bank NA
P.O. Box 8129
Jacksonville, FL 32239-8129

**NOTICE OF HAZARD INSURANCE REQUIREMENT**

<u>NOTIFICATION DATE:</u>
11/01/10

CLINE6789O1234567890123456789O123456789O123456789O123456

RAY E WILLIAMS
MARY ANN WILLIAMS

<u>ACCOUNT NUMBER:</u>
**REDACTED**

**REDACTED**

<u>PROPERTY ADDRESS:</u>

ılıllıllılllılllılllılllılllıll

**REDACTED**

At Wells Fargo Bank, N.A. we pride ourselves on the service provided to our customers. Therefore, it has recently come to our attention that we have not received a copy of your current homeowners/hazard insurance policy.

Please send a copy of your current policy or declaration page to the address shown below or fax it to 1-904-732-7781. You may also provide this information to us by visiting our website, www.updatemyinsurance.com/WellsFargo_Bank. Please be sure your policy includes a Mortgagee Clause or Lenders Loss Payable Endorsement payable to:

WELLS FARGO BANK, N.A.
ITS SUCCESSORS AND/OR ASSIGNS
P O BOX 8129
JACKSONVILLE, FL 32239-0129
Account Number:·          **REDACTED**

It is very important that we receive this information in our office immediately. Once we have received the information, we will update our records.

Thank you for your attention to this matter. If you or your insurance agent have any questions or believe there is an error in our records, please call us at 1-866-445-8407, Monday through Friday from 8:30 am to 8:00 pm, Eastern Time and one of our customer service representatives will be happy to help you.

Sincerely,

Insurance Department

Continued on Back

WQWRNK01  08/22/10                                    20101101-00018586

CTRLNUM-SSQNUM00-0000000

**Fair Debt Collection Practices Act Disclosure**

Wells Fargo Bank, N.A. is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N.A. will only exercise its rights against the property and is not attempting to act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 am or after 9:00 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1–877–FTC–HELP or www.ftc.gov.

### WE ENCOURAGE YOU TO OBTAIN HOMEOWNERS INSURANCE

If you are having difficulty obtaining a new or replacement homeowner insurance policy, we suggest that you contact the insurance agent or company of your choice. If you do not have an agent, you may find insurance agents in your area listed in your telephone directory. Your friends and neighbors may also be able to suggest an insurance agent or company that will provide insurance in your area. The Florida Market Assistance Program (PMAP) is available to assist Florida homeowners who cannot locate insurance. You can contact FMAP at www.fmap.org or 800-524-9023. Homeowners may also contact the Professional Insurance Agents of Florida at www.piafl.org or 800-277-1171; or the Florida Association of Insurance Agents at www.faia.com or 850-893-4155 for assistance finding insurance.

Citizens Property Insurance Corporation was created by the state of Florida to provide homeowner and wind insurance to those otherwise unable to locate insurance. If you cannot find homeowner insurance, please contact your agent to determine if they can submit an application for Citizens on your behalf. If you do not have an agent, or your agent is not authorized to take your application for Citizens, you may also contact one of the following agents who may be able to assist you.

Kevin Niewulis
Universal Insurance Agency
3115 Spring Glen Road
Jacksonville, FL 32207
904-396-5789

Leslie Ramcharan
American Prestige Insurance Agency
6169 Jog Road, A-14
Lake Worth, FL 33467
561-966-8132

Michael Seminario
Florida Surplus Lines Broker
Jacksonville Area
904-721-4076

## LE RECOMENDAMOS QUE OBTENGA SEGURO DE VIVIENDA

Si usted está teniendo dificultad para obtener una nueva poliza o de reemplazo como propietario de vivienda, le sugerimos que contacte un agente de seguros o la compania de su eleccion. Si no tiene un agente, usted puede encontrar los listados de agentes de seguros en su guía telefonica. Sus vecinos y amigos le podrian recomendar un agente o a una compañía de seguros que ofrezca servicios en su área. El programa de ayuda de mercadeo de la Florida (FMAP) está disponible para asistir a los propietarios de vivienda que no puedan obtener seguro. Usted puede contactar FMAP al 800-524-9023 o www.fmap.org. Los propietarios de vivienda pueden también contactar los profesionales de seguros de la Florida en www.piafl.org o llamar al 800-277-1171 o la asociación de agentes de seguros del estado de la Florida en www.faia.com o pueden llamar al 850-893-4155 y solicitar ayuda para encontrar seguro.

El estado de la Florida ha creado Citizens Property Insurance Corporation para proporcionar seguros de vivienda y contra vientos a aquellos que no puedan encontrar seguro. Si usted no puede obtener seguro como propietario de vivienda, favor de contactar a su agente para determinar si pueden presentar una aplicacion como Ciudadano en representacion suya. Si no tiene un agente, o su agente no esta autorizado para entregar la aplicacion para Ciudadanos, tambien podria usted contactar a uno de los siguientes agentes que podrian ayudarlo:

Kevin Niewulis
Universal Insurance Agency
3115 Spring Glen Road
Jacksonville, FL 32207
904-396-5789

Leslie Ramcharan
American Prestige Insurance Agency
6169 Jog Road, A-14
Lake Worth, FL 33467
561-966-8132

Michael Seminario
Florida Surplus Lines Broker
Jacksonville Area
904-721-4076





Wells Fargo Bank NA
P.O. Box 8129
Jacksonville, FL 32239-8129

**NOTICE OF TEMPORARY HAZARD INSURANCE**

CLIENT7000123468788012346878001324687800173458780612346X

RAY E WILLIAMS
MARY ANN WILLIAMS

**REDACTED**

NOTIFICATION DATE:
12/02/10

ACCOUNT NUMBER:

**REDACTED**

|||
|---|---|
| Insurance Effective Date:<br>10/17/10 | Property Address:<br><br>**REDACTED** |

Previously we wrote to inform you that we did not have have evidence of homeowners/hazard insurance coverage to protect your property per the terms of your Mortgage Deed (or Deed of Trust). We requested that you provide current evidence of homeowners/hazard insurance coverage to us. We have not received a homeowners/hazard policy covering your dwelling.

Therefore, Wells Fargo Bank, N.A. has secured temporary insurance coverage in the form of a binder, effective as of the date shown above. This insurance is provided by QBE Specialty Insurance Company. This binder cannot be renewed. It covers your dwelling for risks of direct loss subject to the terms of the policy. It does not protect your personal property, nor does it protect you for liability against injuries that occur on your property.

In the mortgage documents you signed, you agreed to keep insurance on your dwelling. Failure to do so is a breach of those requirements. You have the right to purchase insurance from the insurance company of your choice. Please contact your insurance agent or company and purchase coverage. If you have already done so, request proof of coverage and send it to us at the address shown below or fax it to 1-904-732-7781. You may also provide this information to us by visiting our website, www.updatemyinsurance.com/WellsFargo_Bank. Please be sure your policy includes a Mortgagee Clause or Lenders Loss Payable Endorsement payable to:

> WELLS FARGO BANK, N.A.
> ITS SUCCESSORS AND/OR ASSIGNS
> P O BOX 8129
> JACKSONVILLE, FL 32239-01
> Account Number: :        **REDACTED**

Upon prompt receipt of your policy, this binder will be cancelled. There is no charge to you if there has been no lapse in coverage. You will be charged for any gap between the expiration of your last policy and the effective date of the new policy. If you do not give us proof that you have coverage, we will obtain a one year policy on your property. The full year premium for this policy is shown on the enclosed binder. This premium will be advanced by Wells Fargo Bank, N.A. and will be added as a fee to your account.

WQWRBH01   11/08/10

20101202-08004433

CTR.LNLD.LSBQM.RM00-0000000

You may cancel any policy we purchase on your property at any time by giving us proof of other acceptable insurance. You will be charged for only the days that this policy was in force. Any unused premium will be credited to the premium advance made by Wells Fargo Bank, N.A.

The amount of insurance shown on the binder is based on estimated replacement cost by your insurance company. If you have information to verify that the amount should be different, please notify us in writing and send it to the address shown above. Please include your account number on your letter.

You have the right to independently purchase homeowners/hazard insurance from the insurance agent or company of your choice and we urge you to do so. In nearly all instances, the insurance coverage we obtain may be more expensive than a policy you could obtain from an agent or insurance company of your choice. Our policy will provide coverage only for direct physical damage to the dwelling and will not cover any personal property or contents, nor does it protect you from liability against accidents that occur on your property. The amount of coverage we obtain may be less than you had previously, and Wells Fargo Bank, N.A. will be the named insured. The amount of coverage we obtain may not be adequate to rebuild your dwelling.

The insurance we obtain will be arranged by Wells Fargo Insurance, Inc., a licensed insurance agency and an affiliate of Wells Fargo Bank, N.A. Wells Fargo Insurance, Inc. will receive a commission on the insurance we obtain. Wells Fargo Bank, N.A., is not affiliated with the insurance company.

Thank you for your attention to this matter. If you or your insurance agent have any questions or believe there is an error in our records, please call us at 1-866-445-8407, Monday through Friday from 8:30 am to 8:00 pm, Eastern Time and one of our customer service representatives will be happy to help you.

Sincerely,

Insurance Department

### Fair Debt Collection Practices Act Disclosure

Wells Fargo Bank, N.A. is required by the Fair Debt Collection Practices Act to inform you that, as your loan servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the loan was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N.A. will only exercise its rights against the property and is not attempting to act to collect the discharged debt from you personally.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 am or after 9:00 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



QBE Specialty Insurance Company
88 Pine Street, 16th Floor
New York, NY 10005
Home Office: c/o CT Corporation
314 East Thayer Avenue
Bismarck, ND 58501-4018

Toll Free Customer Service: 1-866-445-8407
P O BOX 8129, JACKSONVILLE, FL 32239-0129



90 DAY BINDER

LOAN NUMBER:   REDACTED

NOTIFICATION DATE:   12/02/10

ADDITIONAL NAMED INSURED
RAY E WILLIAMS
MARY ANN WILLIAMS

REDACTED

NAMED INSURED MORTGAGEE
WELLS FARGO BANK, N.A.
ITS SUCCESSORS AND/OR ASSIGNS
P O BOX 8129
JACKSONVILLE, FL 32239-0129

| BINDER NUMBER   REDACTED | | Amount of Insurance | Premium |
|---|---|---|---|
| | Dwelling | $ 401,100 | $ 20,415.99 |
| POLICY TERM: | | | |
| FROM 10/17/10   TO 10/17/11 | Deductible - per loss occurrence | | |
| ☐ NOON   ☒ 12:01am | Hurricane   Greater Of $2,000 Or 2% Of Coverage Amount | | |
| | Property is VACANT at time of loss   $   1,000 | | |
| BINDER IS EFFECTIVE FOR 90 DAYS FROM | Vandalism & Malicious Mischief   $   1,000 | | |
| THE EFFECTIVE DATE SHOWN ABOVE | All Other covered Losses   $   500 | | |
| PROPERTY LOCATION | | | |
| REDACTED | SURPLUS LINES TAX | 5.00 % | $ 1,020.80 |
| | SERVICE FEE | 0.10 % | $ 20.42 |
| | FHCF ASSESSMENT | 1.00 % | $ 204.16 |
| | CITIZENS EMRG ASSMNT FEE | 1.40 % | $ 285.82 |
| | | | $ |
| | | | $ |
| | | | $ |
| | TOTAL CHARGES | | $ 21,947.19 |

IMPORTANT NOTICE:
This binder covers the residence only.

THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED
BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE
GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN
INSOLVENT UNLICENSED INSURER.

For Customer Service questions, please call our toll free Customer Service Number at: 1-866-445-8407

To report a CLAIM, please contact our Claim Department at: 1-800-824-8562
or, you may report a new claim using our website at www.sterlingnationalcorp.com

Countersignature: _____

Producing Agent:
Michael C. Seminario, License Number A238341
Sterling National Insurance Agency, Inc.
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

Surplus Lines Agent:
Michael C. Seminario, License Number A238341
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

RP1385 0109

CTXLNIM-SEQMMM-00000000

We have not received a new/renewal insurance policy covering your mortgaged property. We do not believe this was your intention but a lapse in coverage has occurred.

We have secured temporary coverage in the form of a 90-day binder through the Company shown above, and you will be charged for the policy premium. This binder covers the described property for risks of direct loss subject to the terms, conditions, and limitations of the policy in current use by the company. If evidence of acceptable coverage is received during this binder period, you will be charged only for any lapse in coverage.

Please remember, it is your responsibility to maintain property insurance coverage on your property. If evidence of acceptable coverage is not received, a policy will be obtained through the Company shown above.

This coverage will be cancelled back to the original effective date, with no premium charge applying, if you provide coverage effective on or before the effective date of this binder.

RP1385 0109

Page 2 of 2

CTR.LNUM-SEQNUM00-00X000

LENDER PLACED HAZARD INSURANCE PARTIAL CANCELLATION NOTICE

QBE Specialty Insurance Company
P O BOX 8129
JACKSONVILLE, FL 32239-0129

NOTIFICATION DATE: 12/13/10

LOAN NUMBER:                    **REDACTED**

RAY E WILLIAMS
MARY ANN WILLIAMS

POLICY NUMBER:                 **REDACTED**

PROPERTY LOCATION:

**REDACTED**

**REDACTED**

Dear Customer:

You are hereby notified in accordance with the terms and conditions of the above mentioned policy, and in accordance with the law, that the insurance Wells Fargo Bank, N.A. placed on your property is cancelled effective: 11/15/10 12:01 am Standard Time.

For the following reason: OTHER INSURANCE COVERAGE PROVIDED

Although we have processed this cancellation, our records show an earned premium for the following time period:

10/17/10 – 11/15/10                    $1,743.62

This premium has been charged for the time the coverage was in force.

If you had other coverage during this period, please provide us with a copy of your policy.

Sincerely,

QBE Specialty Insurance Company
c/o WELLS FARGO BANK, N.A.

PLEASE NOTE: IF YOU HAVE TROUBLE OBTAINING HAZARD INSURANCE COVERAGE FOR YOUR PROPERTY, CONTACT YOUR INSURANCE AGENT FOR INFORMATION ABOUT GETTING INSURANCE THROUGH A PROPERTY FAIR PLAN.

If you have any questions or need additional information, please call the Wells Fargo Bank, N.A. Customer Service Department at 1-866-445-8407.

WQBO2H01   06/22/10

20101213-00019550

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO. 1:11-21233-ALTONAGA/SIMONTON

RAY WILLIAMS, LUIS JUAREZ, and
MIGDALIAH JUAREZ, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A. et al.,

      Defendants.

_____/

## DEFENDANT WELLS FARGO BANK'S OBJECTIONS TO PLAINTIFFS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF WELLS FARGO BANK'S 30(B)(6) REPRESENTATIVE(S)

Defendant Wells Fargo Bank, N.A. ("WFB") hereby serves the following objections to Plaintiffs' Notice of Taking Videotaped Deposition of Wells Fargo Bank's 30(b)(6) Representatives ("Notice"):

### GENERAL OBJECTIONS

1.    WFB objects to Plaintiffs' Notice because Plaintiffs unilaterally set the deposition for September 20, 2011 without conferring with any of the parties regarding their or their clients' availability. WFB filed a motion for protective order [D.E. 68] related to this issue (among others), which is specifically incorporated herein by reference.

2.    WFB objects to Plaintiffs' Notice to the extent it requires WFB to appear in Florida for deposition. WFB is neither a Plaintiff nor has it sought affirmative relief in this action. Thus, any corporate deposition in this case should occur at WFB's principal place of business in California. *See Salter v. Upjohn Co.*, 593 F.2d 649, 650 (5th Cir. 1979); *Perfect Web*

*Technologies v. info USA, Inc.*, 2007 WL 4414819 *3 (S.D. Fla. Dec. 14, 2007).

3.      WFB objects to Plaintiffs' Notice because it is premature and to the extent that Plaintiffs intend to take more than one deposition of WFB.  This case is still in its infancy, and WFB has not filed an answer, affirmative defenses, or any other pleading in this case.  If Plaintiffs elect to take the deposition of WFB now, WFB will object to any subsequent deposition.  *See* Fed.R.Civ.P. 30(a)(2)(A)(ii) (allowing only one deposition per deponent without leave of court).

4.      WFB objects to Plaintiffs' Notice because it requests WFB to produce a corporate representative "with the most knowledge" of the items listed in Exhibit A to the Notice, but Rule 30(b)(6) does not require a corporate defendant to produce a person "with the most knowledge." *See PPM Finance, Inc. v. Norandal USA, Inc.*, 297 F. Supp. 2d 1072 (N.D. Ill. 2004), *aff'd*, 392 F.3d 889 (7th Cir. 2004) (a deposition witness designated by a corporation need not have personal knowledge of the facts to which he testifies, because he testifies as to the corporation's position on the matters set forth in the deposition, not his personal opinion).  Rather, Rule 30(b)(6) permits an organizational Defendant to select a witness to "testify about information known or reasonably available to the organization."

5.      WFB objects to the Notice to the extent it requires WFB to produce a witness capable of testifying about other Defendants or non-parties to this case.

6.      WFB objects to Plaintiffs' definition of "Wells Fargo Bank" as overbroad to the extent they require WFB to have knowledge about thousands of people and entities, many of which are not subject to WFB's control.

## OBJECTIONS TO SPECIFIC TOPICS

**Deposition Topic Number 1**: The relationship between Wells Fargo Bank NA and the other named Defendants, or other third parties, in relation to force-placed insurance including: (a) a

brief description of their involvement and activities regarding forced place insurance; (b) any and all entities that you have written and/or oral agreements or contracts with in relation to force-placed insurance; and (c) any and all work you perform to arrange for or secure force-placed policies when a homeowner's insurance has lapsed.

**Objection to Deposition Topic Number 1**: WFB objects to these topics as overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that the relationship between WFB and non-parties to this case (*i.e.*, "other third parties") related to lender-placed insurance is not tailored to the well pled claims in this case.  Moreover, the nature of WFB's relationship with the Defendants is also not an issue relevant to the well-pled claims in this case. The nature of WFB's relationship with other Defendants and entities has nothing to do with whether Plaintiffs can prevail on their contract-based claims or their unjust enrichment claim against WFB.  For example, the contract-based claims address only whether WFB was bound by the plaintiffs' mortgage contracts and, if so, whether WFB breached the covenant of good faith and fair dealing by placing "excessively priced" lender-placed insurance on the Plaintiffs' property, and whether the Plaintiffs' specific contract terms are unconscionable.   In both contract-based claims, WFB's relationship with and work performed for other Defendants or entities is not relevant to whether the implied contract terms were breached by WFB, or whether they were unconscionable, or whether Plaintiffs are entitled to some measure of damages from WFB arising from the supposed breach or unconscionable contract provision.

WFB also objects to these topics as vague and ambiguous because the phrase "entities that you have written and/or oral agreements or contracts with in relation to force-placed insurance" could include any number of entities providing services to WFB that have nothing to do with the issues in this case, such as accountants, lawyers, outside payroll vendors, food merchants, etc.  WFB also objects to these topics because they are overbroad, premature, and not reasonably calculated to lead to the discovery of admissible evidence in that they seek class

wide-merits discovery and information related to putative class members before a class has been certified. WFB also objects to these topics to the extent they require WFB to produce a witness capable of testifying about other entities or companies.

Subject to these specific objections, and the general objections above, WFB will produce a witness capable of testifying about what, if any, records exist in its files relating to the Named Plaintiffs in this case, and about the general business engaged in by WFB with regard to lender placed insurance.

**Deposition Topics Number 2**: Identification and description of any and all documents relating to the Named Plaintiffs, and all actions taken by you in regards to the Named Plaintiffs, including but not limited to: (a) How, why, and when the force-placed insurance policy was placed upon Named Plaintiffs and how that process differed for any of the other class members; (b) Any and all documents or other information relating to the decision to put force-placed insurance on the Named Plaintiffs, including what entity made the decision, all reasons for placing the insurance, what coverage was provided, how the specific coverage was selected, how such amount of coverage and price were determined, and any and all basis and grounds for how that process differed from the other class members.

**Objection to Deposition Topic Number 2**: WFB objects to this topic on the ground that it is overbroad, premature, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it does not appear limited to the issues in this case or the Named Plaintiffs, and because it requests a witness to testify about how the lender-placed insurance "process differed" among the Named Plaintiffs and every single putative class member, which necessarily is overbroad, unduly burdensome, and requires specific or confidential information about putative class members before a class has been certified. WFB also objects to this topic to the extent it requires WFB to have knowledge about other Wells Fargo entities.

Subject to these specific objections, and the general objections above, WFB will produce a witness capable of testifying about what, if any, records exist in its files relating to the Named Plaintiffs in this case, and about the general business engaged in by WFB with regard to lender

placed insurance.

**Deposition Topic Number 3**: Be prepared to discuss the specific documents sent to Plaintiffs Ray Williams and Luis and Migdaliah Juarez that are attached as Composite Exhibit B and C, including but not limited to how and where the documents were drafted, any and all parties involved in the drafting and generating of the documents, where such documents are maintained by Wells Fargo Insurance [sic], how many documents in this form were generated and delivered during the class period to class members, how many homeowners received such documents during the class period, and how Exhibits B and C varied in any and all manners from similar form documents that were provided to the members of the purported class.

**Objection to Deposition Topic Number 3**: WFB objects to this topic on the ground that it is overbroad, premature, and not reasonably calculated to lead to the discovery of admissible evidence in that it appears to seek class wide-merits discovery and information related to putative class members before a class has been certified.  WFB also objects to this topic to the extent it seeks information about Wells Fargo Insurance, such as "where such documents are maintained by Wells Fargo Insurance."  WFB also objects to this topic because the information requested is not tailored to the well-pled claims in this case.  For example, "how and where the [letters] were drafted" and "how many homeowners received such documents," and how the letters varied from class member to class member have nothing to do with the unjust enrichment claim and contract-based claims against WFB in this case.  WFB also incorporates herein its Objection to Topic Number 1, above.

Nor are these issues reasonably calculated to lead to the discovery of admissible evidence with respect to class certification issues.  While the class definition in this case is currently wildly overbroad, it has nothing to do with form letters that were sent to the Plaintiffs.  Rather, the class definition currently encompasses only individuals that were supposedly charged for lender-placed insurance by the Defendants (which itself is overbroad because not everyone that was "charged" for insurance ended up paying for such insurance.  In fact, many class members

ended up not paying the lender-placed insurance premiums because they went into default on their loans and/or were foreclosed out of their property.  Other class members were refunded a portion or all of their lender-placed premiums once voluntary insurance coverage was confirmed, and still others lived in states where the rates they were "charged" were filed rates, and thus were necessarily reasonable).

Subject to these specific objections, and the general objections above, WFB will produce a witness capable of testifying about what, if any, records exist in its files relating to the Named Plaintiffs in this case, and about the general business engaged in by WFB with regard to lender placed insurance.

**Deposition Topic Number 4**: Your policies and procedures relating to the placement of force-placed insurance on homeowners, including but not limited to: (a) Your policies and procedures for selecting an insurance company to purchase or otherwise procure a force-placed insurance policy from [sic]; (b) How the amount of the premium for force-placed insurance policies are determined; (c) Any and all agreements or contracts you have with any of the above-named Defendants to monitor or service your records, files, or portfolios; and (c) [sic] How the amount of any payments or commissions paid by you or to you relating to procuring the force-placed insurance policies is determined.

**Objection to Deposition Topic Number 4**: WFB objects to this topic to the extent it seeks information that is proprietary and confidential internal information, and that is not reasonably calculated to lead to the discovery of admissible evidence, or properly tailored to the Named Plaintiffs in this case.  WFB also objects to this topic because it is not reasonably calculated to lead to the discovery of admissible evidence in that WFB's "policies and procedures" for selecting insurance (if any), and agreements and contracts with other Defendants, and the amount of commissions received or paid by WFB to or from other entities have nothing to do with the claims in this case.  *See* Objections to Topics # 1 and 3 above, which are incorporated herein by reference.

CASE NO. 1:11-21233-ALTONAGA/SIMONTON

Subject to these specific objections, and the general objections above, WFB will produce a witness capable of testifying about what, if any, records exist in its files relating to the Named Plaintiffs in this case, and about the general business engaged in by WFB with regard to lender placed insurance.

**Deposition Topic Number 5**: Description of why you consider the force-placed insurance prices reflected in Composite Exhibit B and C to be bona fide and reasonable.

**Objection to Deposition Topic Number 5**: WFB objects to this topic to the extent it calls for a legal conclusion, and to the extent it calls for expert testimony, and to the extent it invades the attorney-client privilege and work product doctrine by requiring WFB to prepare and produce a witness capable of testifying about its legal theories and strategy rather than factual information known by WFB.  WFB also objects to this topic on the ground that the "bona fide and reasonable" requirement (and other lender-placed insurance requirements) in Section 2605 of the RESPA statute is not yet in effect, and therefore this topic is overbroad and not reasonably calculated to lead to the discovery of admissible evidence or tailored to the well pled claims in this case.  The "bona fide and reasonable" language was added to the RESPA statute by Title XIV, Section 1463 of the Dodd-Frank Act, but those provisions do not become effective until after the newly created Bureau of Consumer Financial Protection finalizes its implementing regulations, which will not occur until sometime in early 2013.  These issues were raised in the WFB's Motion to Dismiss the Amended Complaint, and WFB objects to producing a witness on this topic until that Motion is decided.

**Deposition Topic Number 6**: Identification and description of all policies and procedures relating to any and all commissions, bonuses, and/or any amounts paid and/or received to and/or from any of the named Defendants, or other entities not named, relating to the placement and/or purchase of force-placed insurance, and specifically in regards to the force placed insurance for the Named Plaintiffs.

**Objection to Deposition Topic Number 6**: WFB objects to this topic to the extent it seeks information that is proprietary and confidential internal information.  WFB also objects to this topic because the information sought is overbroad not reasonably calculated to lead to the discovery of admissible evidence.  As framed, the topic is so broad that it could include payroll information for WFB employees, and the request for information relating to "other entities not named" necessarily involves issues and parties far beyond this case.  Moreover, the information sought in this topic, including information relating to commissions and bonuses, has nothing to do with the well pled claims in this case.  As discussed above in WFB's Objections to Topics 1 and 3 above (which are incorporated herein by reference), Plaintiffs' only potential claims against WFB are breach of contract and unjust enrichment.  Any such claims relate only to benefits conferred on the Defendant <u>directly from</u> the Plaintiff.  The information sought in this topic does not relate to those issues.

Subject to these specific objections, and the general objections above, WFB will produce a witness capable of testifying about what, if any, records exist in its files relating to the Named Plaintiffs in this case, and about the general business engaged in by WFB with regard to lender placed insurance.

**Deposition Topic Number 7**: The revenues received by Wells Fargo Bank in relation to force-placed insurance during the class period, and/or the revenues received by Wells Fargo Bank, N.A. from Wells Fargo Insurance.

**Objection to Deposition Topic Number 7**: WFB objects to this topic because the terms "revenue" and "received…in relation to force-placed insurance" are vague, ambiguous, unclear, and undefined, and likely go well beyond the claims and parties in this case.  Moreover, any such "revenues" are not reasonably calculated to lead to the discovery of admissible evidence.

Specifically, as discussed above in WFB's Objections to Topics 1 and 3 above (which are incorporated herein by reference), the claims in this case do not relate in any way to the "revenues" or payments received by WFB from any source other than directly from the Named Plaintiffs.   Specifically, WFB's "revenues," and "revenues" received from Wells Fargo Insurance are not related to any such direct benefit conferred by the Plaintiffs.   Thus, WFB's revenues are not reasonably calculated to lead to the discovery of admissible evidence with respect to the unjust enrichment claim.

Nor are WFB's "revenues" related in any material way to the contract-based claims. Plaintiffs' contract-based claims seek damages relating to the alleged excessively-priced lender-placed insurance premiums.  If Plaintiffs were damaged at all by the alleged breaches of contract, presumably their damages would be the difference between the amount of the excessively-priced premiums paid by the Plaintiffs, and the amount of a "reasonable" premium.  WFB's "revenues" have nothing to do with these issues.  WFB also objects to this topic to the extent it seeks confidential and proprietary information of WFB.   The topic also does not specify what policies or insurance companies to which it refers, and is not even limited to lender-placed insurance issues.

**Deposition Topic Number 8**: The amounts paid to QBE Specialty Insurance or Sterling National Insurance Agency, Inc. (n/k/a QBE First Insurance Agency, Inc.) in relation to force-placed insurance during the class period.

**Objection to Deposition Topic Number 8**: WFB objects to this topic on the ground that it is overbroad, irrelevant, vague, ambiguous, proprietary, confidential, and not reasonably calculated to lead to the discovery of admissible evidence.   Specifically, as discussed above in WFB's Objections to Topics 1, 3 and 7 (which are incorporated herein by reference), the claims in this case do not relate in any way to the "amounts paid" by WFB to other entities or Defendants.

CASE NO. 1:11-21233-ALTONAGA/SIMONTON

**Deposition Topic Number 9**: The amounts paid to QBE Specialty Insurance or Sterling National Insurance Agency, Inc. (n/k/a QBE First Insurance Agency, Inc.) or any other entity for servicing or monitoring portfolios or files for lapsed insurance policies.

**Objection to Deposition Topic Number 9**: WFB objects to this topic on the ground that it is overbroad, irrelevant, vague, ambiguous, proprietary, confidential, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, as discussed above in WFB's Objections to Topics 1, 3 and 7 (which are incorporated herein by reference), the claims in this case do not relate in any way to the "amounts paid" by WFB to other entities or Defendants. Nor do the claims in this case address servicing or monitor portfolios or files for lapsed insurance policies.

**Deposition Topic Number 9**:[1] Information related to the records, documents, data, and any other materials related to force-placed insurance kept by Wells Fargo Bank including: (a) Wells Fargo Bank's policies and practices concerning the deletion, backup, and preservation of Electronic Data; (b) the backup and preservation of Data contained on non-Networked storage devices, including laptops, home Computer Systems, and local drives of Networked Computer Systems; (c) the deletion of Data from Wells Fargo Bank's computer systems, whether by scheduled, automated, or individualized processes; (d) the identity of all people with responsibility for, or the greatest knowledge of, Wells Fargo Bank's policies and practices regarding the items described in (a) through (c) above; (e) identification and description of all Databases, Data, and Data elements related to the billing, invoicing, pricing, and processing of force-placed insurance.

**Objection to Deposition Topic Number 9**: WFB objects to these topics as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. WFB also objects to this topic to the extent it seeks confidential and proprietary information of WFB, or information protected by the attorney/client privilege or work product doctrine. Subject to these objections, and the general objections above, WFB will produce a witness capable of testifying about

---

[1] Plaintiffs listed three separate Deposition Topics as number "9."

WFB's document preservation practices and procedures relating to lender placed insurance information.

**Deposition Topic Number 9**:[2] The identification of any and all Wells Fargo Bank employees, agents, or affiliates with knowledge of force-placed insurance policies and procedures and your relationship to the other named Defendants.

**Objection to Deposition Topic Number 9**: WFB objects to this topic on the ground that it is overbroad, vague, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. The topic is not in any way tailored to the claims or defenses in this case and as framed, could include file clerks, data entry, or other low-level personnel who have no knowledge specific to the issues in this case. Moreover, the term "knowledge of force-placed insurance policies and procedures and [WFB's] relationship to the other named Defendants" is wildly overbroad, vague, and ambiguous. WFB also objects to this topic on the ground that it seeks information about other Defendants or entities, for whom WFB is not obligated to speak.

**CARLTON FIELDS, P.A.**
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368


By: /s/ David B. Esau
Michael K. Winston
Florida Bar No. 051403
E-mail: mwinston@carltonfields.com
David B. Esau
Florida Bar No. 650331
E-mail: desau@carltonfields.com

*Attorneys for Wells Fargo Insurance, Inc.*
*and Wells Fargo Bank, N.A.*

---

[2] Again, Plaintiffs listed three separate Deposition Topics as number "9."

CASE NO. 1:11-21233-ALTONAGA/SIMONTON

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2011, I served the foregoing by Email and U.S. Mail on the individuals identified on the attached service list.


By: /s/ David B. Esau
David B. Esau


## SERVICE LIST

| | |
|---|---|
| Lance Harke<br>Howard Busman<br>**HARKE & CLASBY, LLP**<br>9699 NE Second Avenue<br>Miami, FL 33138<br>Telephone: 305-536-8220<br>Facsimile: 305-536-8229<br>*Counsel for Plaintiffs* | Adam Moskowitz<br>Thomas A. Tucker Ronzetti<br>Robert Neary<br>**KOZYAK TROPIN & THROCKMORTON, P.A.**<br>2525 Ponce de Leon<br>9th Floor<br>Coral Gables, FL 33134<br>Telephone: 305-372-1800<br>Facsimile: 305-372-3508<br>*Counsel for Plaintiffs* |
| Jeffrey N. Golant<br>1000 West McNab Road<br>Suite 150<br>Pompano Beach, FL 33069<br>Telephone: 954-942-5270<br>Facsimile: 954-942-5272<br>*Counsel for Plaintiffs* | Chip Merlin<br>Mary E. Fortson<br>Sean M. Shaw<br>**MERLIN LAW GROUP**<br>777 South Harbour Island Boulevard<br>Tampa, FL 33602<br>Telephone: 813-229-1000<br>Facsimile: 813-229-3692<br>*Counsel for Plaintiffs* |
| William S. Berk<br>William Xanttopoulos<br>**BERK, MERCHANT & SIMS, PLC**<br>2 Alhambra Plaza<br>Suite 700<br>Miami, FL 33134<br>Telephone: 786-338-2851<br>Facsimile: 786-364-1814<br>*Counsel for QBE Insurance Corporation and Sterling National Insurance Agency* | Andrew L. Sandler<br>Robyn C. Quattrone<br>Jennifer Peck<br>**BUCKLEY SANDLER LLP**<br>1250 24th Street, NW<br>Suite 700<br>Washington, DC 20037<br>Telephone: 202-349-8000<br>Facsimile: 202-349-8080<br>*Counsel for QBE Insurance Corporation and Sterling National Insurance Agency* |