**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:11-21233-ALTONAGA/SIMONTON

RAY WILLIAMS;
LUIS JUAREZ; and MIGDALIAH JUAREZ;
on behalf of themselves and all others
similarly situated;

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS FARGO
INSURANCE, INC.; QBE SPECIALTY
INSURANCE COMPANY; STERLING
NATIONAL INSURANCE AGENCY, INC. (n/ka
QBE FIRST INSURANCE AGENCY, INC.)

    Defendants.

_____/

**PLAINTIFFS' AMENDED MOTION TO DISMISS OR STRIKE DEFENDANT WELLS**
**FARGO BANK N.A.'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE**
**DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

   Plaintiffs Ray Williams and Luis and Migdaliah Juarez ("Plaintiffs"), on behalf of

themselves and all others similarly situated, hereby move to dismiss or strike Defendant Wells

Fargo Bank N.A.'s counterclaims and to strike twenty-six of its sixty affirmative defenses,

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(f), and state as follows.

**INTRODUCTION**

   Defendant Wells Fargo Bank, N.A. ("WFB") filed an Answer, Affirmative Defenses, and

Counterclaims (the "Answer") that included two counterclaims against absent class members and

sixty-six affirmative defenses.  (D.E. 112).  When Plaintiffs moved to dismiss the counterclaims

and strike at least twenty-six of WFB's affirmative defenses (D.E. 113), WFB responded by

amending its Answer to withdraw eight of its sixty-six affirmative defenses and add two new

affirmative defenses.  (D.E. 118).  Although WFB's decision to withdraw the eight defenses was correct, it seems a token gesture given that *sixty* affirmative defenses remain.  This is simply the latest in a series of tactics by WFB and Wells Fargo Insurance, Inc. (together the "Wells Fargo Defendants") to delay this litigation and preemptively cloud this Court's certification analysis of Plaintiffs' class claims.  The Court should (1) dismiss both counterclaims because they are permissive and there is no independent basis for the exercise of federal subject-matter jurisdiction over them and (2) strike at least twenty-seven of WFB's sixty remaining affirmative defenses because they are insufficient as a matter of law.

WFB's conditional counterclaims are permissive on their face because WFB raises them against absent and unidentified class members who are not "opposing parties" for purposes of Federal Rule of Civil Procedure 13(a).  WFB's conditional counterclaim for deficiency judgments against absent class members is also permissive because it bears no logical relationship to Plaintiffs' claims against WFB.  The counterclaim does not arise from the same "transaction or occurrence" as Plaintiffs' claims and will require different elements of proof after certification.  Plaintiffs' claims arise from a force-placed insurance scheme that WFB and its co-defendants implemented uniformly across many states.  WFB's counterclaim for deficiency judgments arises from judgments of foreclosure allegedly entered against individual class members in state courts.  The alleged deficiency judgments have no bearing on whether (or by how much) Defendants overcharged the putative class for force-placed insurance.

Because WFB's conditional counterclaims are permissive, the Court must have an independent basis to exercise jurisdiction over each of them.  No such basis for jurisdiction exists.  There is no federal question at stake—WFB alleges only that individual class members may have breached their mortgage agreements and/or owe WFB the difference between what

they owed on their mortgages and what WFB was able to recover in foreclosure sales. WFB does not allege diversity between the counter-parties or that the amounts in controversy would satisfy the federal jurisdictional minimum. As such, there is no basis for this Court to exercise jurisdiction over the counterclaims and both should be dismissed.

In the alternative, the Court should exercise its discretion to dismiss or strike WFB's counterclaims in keeping with the purpose of Federal Rule of Civil Procedure 13. Rule 13 was designed to prevent multiplicity of actions and to promote judicial economy by using one lawsuit to resolve all logically related disputes. The counterclaims alleged by WFB, however, would interject new issues and elements of proof into this lawsuit that would only complicate the proceedings.

Finally, the Court should strike at least twenty-six of WFB's remaining sixty affirmative defenses. This Court has already rejected two of the affirmative defenses in its Order on WFB's Amended Motion to Dismiss. Twenty-one more are not affirmative defenses at all; they are denials or allege defects in certain aspects of Plaintiffs' claims. WFB's statute of limitations defense is invalid on its face because mortgagors whose claims would have been subject to a statute of limitations defense are carved out of Plaintiffs' defined class. WFB's unclean hands defense is invalid as a matter of law because Plaintiffs seek monetary damages, not equitable relief. Finally, WFB's twenty-third affirmative defense should be stricken because it is unsupported by ultimate facts, and therefore violates Federal Rule of Civil Procedure 8(a), and duplicative of at least three other affirmative defenses alleged in the Answer.

## BACKGROUND

Plaintiffs filed their original class action complaint on April 7, 2011, alleging that ten defendants participated in a scheme to force-place insurance policies on mortgagors' homes at

premiums not arrived at in good faith and far in excess of the market rate. (D.E. 1). Plaintiffs amended their complaint on August 5, 2011, narrowing the allegations to bring claims against only four defendants: WFB, Wells Fargo Insurance, Inc., QBE Specialty Insurance Company, and QBE First Insurance Agency. (D.E. 44). All four defendants moved to dismiss the amended complaint, (D.E. 47, 48, 52, 53), but they were successful only with respect to Plaintiffs' claims for violations of the Real Estate Settlement Procedures Act and unconscionability. (D.E. 49, 76, 93, 103). Plaintiffs move forward against WFB on claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment, seeking to recover damages for the inflated premiums charged them for force-placed insurance pursuant to their mortgage contracts. (D.E. 44 at 16-18. 22-23).

WFB has resisted discovery in this action at every turn, (D.E. 70, 97, 102), by delaying and resisting depositions, (D.E. 70), and withholding documents, (97, 107), among other things. WFB only began to comply with requests for information (and even then not completely) after the Court ordered it to do so. (D.E. 102, 107).

WFB filed an Answer, Affirmative Defenses, and Conditional Counterclaims (the "Answer") on October 28, 2011. (D.E. 112). The Answer included sixty-six affirmative defenses and two "conditional counterclaims" against the putative class. (*Id.* at 20-23). WFB alleged in the two counterclaims that unnamed and as yet unidentified absent class members (1) owe deficiency amounts arising from judgments of foreclosure in various state courts and (2) breached their mortgage contracts by failing to maintain insurance on their properties. (D.E. 112 at 21-23). WFB sought payment of the deficiency amounts by the "deficiency counter-defendants" and reimbursement for the force-placed insurance premiums by the "breach of contract counter-defendants." (*Id.*). Plaintiffs moved to dismiss both counterclaims and strike

twenty-six of the sixty-six affirmative defenses. (D.E. 113). In response, WFB filed an Amended Answer withdrawing eight of its affirmative defenses and adding two new affirmative defenses. (D.E. 118). Sixty affirmative defenses remain. (*Id.*)

This Motion follows.

## <u>ARGUMENT</u>

## I.   THE COURT SHOULD DISMISS BOTH COUNTERCLAIMS FOR LACK OF SUBJECT-MATTER JURISDICTION.

Federal courts may exercise jurisdiction over state-law counterclaims only if they fall within the court's supplemental jurisdiction. *Zambrano,* 2001 WL 36178001, at *2. Rule 13(a) governs compulsory counterclaims and provides that "a pleading must state as a counterclaim any claim that … the pleader has against an opposing party if the claim …arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" Fed. R. Civ. P. 13(a). Accordingly, compulsory counterclaims are subject to the supplemental jurisdiction of the federal courts and do not require an independent basis for federal jurisdiction. *See Zambrano,* 2001 WL 36178001, at *2.

Counterclaims that are not compulsory are permissive counterclaims. *See* Fed. R. Civ. P. 13(b). Permissive counterclaims are "purely discretionary with the court," *Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248, 1260 n.14 (11th Cir. 2003) (citation omitted), and require a basis for federal jurisdiction independent of that asserted with respect to the plaintiff's claims. *Hutton v. Grumpie's Pizza & Subs, Inc.,* No. 07-81228-CIV, 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008); *Allapattah Servs., Inc. v. Exxon Corp.,* 157 F. Supp. 2d 1291, 1322 (S.D. Fla. 2001); *Zambrano,* 2001 WL 36178001, at *3 (citation omitted); *see also Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Express, Inc.,* 238 F. Supp. 2d 963, 968 (S.D. Ohio 2003). A defendant purporting to bring a permissive counterclaim based on state law must,

therefore, plead facts sufficient to establish a basis for federal diversity or admiralty jurisdiction and an amount in controversy greater than $75,000. *See Zambrano,* 2001 WL 36178001, at *2; 12 U.S.C. § 1332.

The Court should dismiss WFB's conditional counterclaims for deficiency judgments and breach of contract for lack of subject matter jurisdiction because (A) counterclaims against absent class members are permissive; (B) WFB's counterclaim for deficiency judgments does not arise out of the same transaction or occurrence that is the subject matter of Plaintiffs' claims; and (C) the Court does not have an independent basis for jurisdiction over WFB's conditional counterclaims.

**A.   WFB's Counterclaims against Absent Class Members Are Not Compulsory.**

WFB alleges "conditional counterclaims" for deficiency judgments and breach of contract against "absent class members who will need to be joined in this action." Answer at 20. "[Federal] Rule [of Civil Procedure] 13, however, is inapplicable in class action suits, because absent class members are not opposing or litigating adversaries for purposes of Rule 13." *Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248, 1260 n.14 (11th Cir. 2003) (citing and quoting *Arctic Express,* 238 F. Supp. 2d at 967) (internal quotations omitted); *See also Owner–Operators Indep. Drivers Ass'n. v. Ledar Transport,* No. 00–0258–cv, 2004 WL 5376211, at *11 (W.D. Mo. Jan. 7, 2004); *In re Sugar Indus. Antitrust Litig.,* 73 F.R.D. 322, 349 (E.D. Pa. 1976); *Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D. 458, 489 (S.D.N.Y. 1973).  Counterclaims raised against absent class members, therefore, are permissive rather than compulsory.  *See, e.g.,* Fed. R. Civ. P. 13(a) ("a pleading must state as a counterclaim any claim that … the pleader has *against an opposing party*….") (emphasis added); *see, e.g., Allpattah,* 333 F.3d at 1260 n.14 ("any counterclaims that may be permitted in a class action are not governed by Rule 13 and are

*purely discretionary with the court*") (emphasis in original) (citing 2 Alba Conte & Herbert B. Newberg, 2 NEWBERG ON CLASS ACTIONS § 4:34 at 299-300) (4th ed. 2002)).[1]

This rule makes sense.  "Because of the representative nature of class suits, absent class members are, in a very real sense, nonlitigating parties." 2 NEWBERG ON CLASS ACTIONS § 4:34.  Allowing counterclaims against non-litigating parties would not support any of the purposes behind Rule 13, which permits litigants to assert counterclaims to promote judicial economy, efficiency, and fairness to the parties.  *See, e.g., Mueller v. Eckerd Corp.,* 184 F.R.D. 686, 688 (M.D. Fla. 1999) ("The purpose of Rule 13(a) is to achieve economy, fairness, and consistency by bringing 'logically related' suits together.").  This is especially so where, as here, the counterclaims at issue are brought against class members individually, but not the named plaintiffs and not the entire class.  *See, e.g., Board of Educ. of Evanston Township High Sch. Dist. No. 202, Cook County, Ill. v. Admiral Heating & Ventilation, Inc.*, 511 F. Supp. 343, 346 (N.D. Ill. 1981) (dismissing permissive claims against individual absent class members); 2 NEWBERG ON CLASS ACTIONS § 4:34.

Allowing litigants to bring counterclaims against absent, non-litigating class members would also raise procedural due process concerns regarding personal jurisdiction, venue, and adequate notice.  In non-class litigation, counter-defendants (who are also plaintiffs) are deemed to have waived objections to personal jurisdiction and venue by having chosen the forum in the first instance having submitted to the court's jurisdiction for the purpose of litigating their claims. 2 NEWBERG ON CLASS ACTIONS § 4:34.  Counterclaims against absent class members, once filed, proceed without notice to the putative class, depriving each absent counter-defendant of the

---

[1] Section 4:34 of Newberg on Class Actions is particularly instructive on this issue.  Newberg is clear that "strong reasons support a determination that Rule 13 governing counterclaims is inapplicable in class action suits based on the language of Rule 13 as well as its underlying policies." 2 NEWBERG ON CLASS ACTIONS § 4:34.  The section then goes on to illustrate the practical, policy, and due process concerns that arise when class action defendants bring counterclaims against individual absent class members.  *See id.*

opportunity to choose or object to the forum, object to the court's jurisdiction over him or her, or otherwise direct his or her defense.  *See id.*; *see, e.g., Franken v. Mukamal,* No. 11–10908, 2011 WL 4584767, at *2 (11th Cir. Oct. 5, 2011) ("Due process requires that a party have adequate notice of the consequences of the conduct for which he has been sanctioned."); *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada,* No. 09–23248–CIV, 2011 WL 5057203, at *3 (S.D. Fla. Oct. 24, 2011) (exercise of personal jurisdiction over defendant must comport with due process).

### B. WFB's Conditional Counterclaim for Deficiency Judgments Is Also Permissive Because It Bears No Logical Relationship to Plaintiffs' Claims Against WFB.

WFB's first counterclaim for deficiency judgments against the putative class is also permissive because it does not arise from the same transaction or occurrence as Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment.  *See* Fed. R. Civ. P. 13(a) (compulsory counterclaims are those that "the pleader has against an opposing party if the claim …arises out of the transaction or occurrence that is the subject matter of the opposing party's claim").  Counterclaims arise from the same transaction or occurrence as a plaintiff's initial claims in a proceeding when there is a "logical relationship" between the claims and counterclaims.  *See Zambrano,* 2001 WL 36178001, at *2 (citations omitted).  A logical relationship exists sufficient for federal jurisdiction to attach when "the same operative facts serve as the basis of both claims or the aggregate core of the facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Republic Health Corp. v. Lifemark Hosps., Inc.,* 755 F.2d 1453, 1455 (11th Cir. 1985)).  "The purpose of Rule 13(a) is to achieve economy, fairness, and consistency by bringing 'logically related' suits together." *Mueller,* 184 F.R.D. at  688.  The phrase "logical relationship" is given meaning by this purpose.  *Admiral Heating*, 511 F. Supp. at 345 (citation omitted).  "Thus, a counterclaim is

logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Id.*

Plaintiffs' claims and WFB's counterclaims for deficiency judgments against unidentified absent class members do not arise from the same transaction or occurrence simply because both are tangentially related to the class member's mortgage loans with WFB.[2]  *See, e.g., Nayani v. Horseshoe Entm't,* No. 3:06-CV-01540-M, 2007 WL 1288047, at *3 (N.D. Tex. May 2, 2007) ("a claim that is only peripherally related to prior action is not a compulsory counterclaim"); *Miller v. Weitzer Panache Ltd.,* 751 F. Supp. 980, 984 (S.D. Fla. 1990) (title company's claim for overpayment of title fees and homeowner's RESPA claim arising from sale of same house did not arise from same transaction or occurrence).  The operative facts that serve as the basis for Plaintiffs' claims against WFB are separate and distinct from those underlying WFB's counterclaims against absent class members for deficiency judgments and breach of contract. Plaintiffs' claims arise from the artificially inflated premiums that WFB and its co-defendants charge homeowners for force-placed insurance policies as a matter of practice.  (D.E. 44 ¶¶ 18-20, 23-25, 68-75, 92-98).  WFB's counterclaim for deficiency judgments, on the other hand, arises from foreclosure sales of individual mortgagors' homes.  (D.E. 112 at 21-22).

As a result, each set of claims will require different elements of proof.  *See, e.g., Zambrano,* 2001 WL 36178001, at *2 (defendant's counterclaim permissive where "[t]he elements of proof for [the] counterclaim will require evidence distinct from the evidence for [the plaintiff's] … claims").  Plaintiffs will prove their claims by offering evidence demonstrating,

---

[2] WFB alleges in its counterclaims that "as to many absent class members, WFB was the owner and holder of a note and mortgage … or it is authorized by contract to act as agent for the beneficial owner." (D.E. 112 at 21).  WFB also contends in its Answer that it performed its obligations under the mortgage contracts.  (*Id.* at 15).  Elsewhere in its Answer, however, WFB denies that it was a party to the contracts and that it provides and services real property mortgages.  (D.E. 112 at 2, 8, 10).

among other things, that Defendants implemented a uniform and nationwide force-placed insurance scheme by which they charged premiums for force-placed insurance at many times the market rate.  (D.E. 44 at 17-20).  Plaintiffs will show that the premiums were excessive and were converted into "kickbacks" that the QBE defendants paid to themselves and to WFB and/or Wells Fargo Insurance, Inc. to maintain their exclusive relationship.  (*Id.* ¶¶ 23-29).  Because Defendants' scheme was uniform across the various states where it was implemented, (*id.* ¶¶ 1, 19, 26, 27, 37), Plaintiffs will not require any individualized proof to establish liability.

WFB's first counterclaim, on the other hand, will involve analysis of the foreclosure proceedings on absent class members' homes, and ultimately their ability to recover damages, and would run contrary to "achiev[ing] economy, fairness, and consistency" in keeping with the purpose of Rule 13(a).  *See Mueller,* 184 F.R.D. at 688.  Indeed, as one court observed:

> Interjection of defendants' counterclaims (of unknown number and complexity, but conceivably involving hundreds or thousands of contracts, each with its own unique factual claims and defenses involving wholly unrelated issues and proof) would substantially burden the progress of the litigation and proliferate its issues enormously, without correspondingly reducing the burden the parties would have to bear if the contract counterclaims were tried separately. Bringing the counterclaims under the umbrella of this litigation would have an intolerable impact on the Court's and the parties' ability to deal with its original claims an impact that itself demonstrates why the logical relationship test is not satisfied.

*Admiral Heating,* 511 F. Supp. at 346.

Because WFB's counterclaim for deficiency judgments is not logically related to Plaintiffs' claims, the counterclaim is permissive and requires an independent basis for the exercise of this Court's jurisdiction.  *See Hutton,* 2008 WL 1995091, at *2.  As explained below, no jurisdictional basis exists, and the counterclaim should be dismissed.

**C.   There Is No Independent Basis for This Court's Jurisdiction over WFB's Permissive Counterclaims.**

"If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court."   *Id.*   A party attempting to bring a permissive counterclaim must also allege an amount in controversy that meets or exceeds federal jurisdictional requirements.  *See Zambrano,* 2001 WL 36178001, at *3.

WFB does not have an independent basis for federal jurisdiction here.   It alleges solely state law claims against the absent class members, (D.E. 112 at 21-23), and therefore has not raised a federal question.  *See* 28 U.S.C. §1331.  Moreover, WFB does not estimate how many absent class members might be subject to each counterclaim or identify one homeowner alleged to have breached his or her mortgage agreement or against whom a deficiency judgment might be entered.  (D.E. 112).   As a result, it is impossible to assess whether (1) there is diversity between WFB and *any* suggested counter-defendant or (2) the alleged counterclaims put amounts in controversy that are sufficient to meet the jurisdictional minimum.   Because WFB's counterclaims are devoid of any allegations to assist with the appropriate jurisdictional analysis, the Court should dismiss both counterclaims for lack of subject matter jurisdiction.  *See, e.g., Hutton,* 2008 WL 1995091, a *2; *Zambrano.* 2001 WL 36178001, at *3.[3]

---

[3] It has also been suggested that to assert jurisdiction over a permissive counterclaim, a district court must find a basis for personal jurisdiction over each counter-defendant.  *See, e.g.,* 2 NEWBERG ON CLASS ACTIONS § 4:34 ("At a minimum, due process requirements bar counterclaims against nonresident class members who are beyond the territorial personal jurisdiction of the forum.").  Plaintiffs have not identified any putative class members whom it purports will qualify as counter-defendants. (D.E. 112). Because Plaintiffs bring their claims on behalf of a nationwide class, however, it is highly unlikely that all (or even most) prospective counter-defendants would be subject to personal jurisdiction in Florida.

## II.   THE COURT SHOULD STRIKE AND/OR DISMISS BOTH COUNTERCLAIMS TO PROMOTE JUDICIAL ECONOMY, FAIRNESS, AND CONSISTENCY.

Rule 13 was designed to maximize judicial economy and efficiency by consolidating all claims between the parties in one proceeding.  *See, e.g., Southern Constr. Co. v. United States ex rel. Pickard,* 371 U.S. 57, 60, 83 S. Ct. 108, 110, 9 L. Ed. 2d 31, 34 (1962) (purpose of Rule 13(a) is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters"); *Mueller,* 184 F.R.D. at 688 ("[t]he purpose of Rule 13(a) is to achieve economy, fairness, and consistency by bringing 'logically related' suits together"); *Leon Tempelsman & Son v. TECC Corp.*, 107 F.R.D. 384, 385-86 (N.D. Tex. 1985) (purpose of Rule 13 is "conservation of judicial resources by joining all claims between parties in one lawsuit").  Federal district courts will decline to hear permissive counterclaims where, as here, allowing the counterclaims to proceed would complicate, rather than simplify, litigation of the first-filed claims before the court.  *See, e.g., Tempelsman,* 107 F.R.D. at 386 (striking counterclaim that would "inject issues far removed from the original suit … fairness and convenience to the potential parties as well as the Court's concern over managing its own docket weigh heavily in support of dismissal"); *Admiral Heating,* 511 F. Supp at 346 n.6 ("court could in its discretion dismiss the counterclaims without prejudice should it determine that they would unduly complicate the litigation") (citing *S.E.C. v. Republic Nat'l Life Ins. Co.,* 383 F. Supp. 436, 438 (S.D.N.Y. 1974)); *see also, e.g.,* 2 NEWBERG ON CLASS ACTIONS § 4:34 ("The use of counterclaims against absent class members does not promote any of the[] Rule 13 objectives without serious reservations or limitations.").

Injecting WFB's conditional counterclaims against absent class members for deficiency judgments and unpaid premiums would significantly and needlessly burden this Court.  In considering both the claims and the counter-claims, the Court would be required to weigh

additional evidence unrelated to the Defendants' force-placed insurance scheme.  Much of the new evidence, as WFB concedes with respect to certain notes and mortgages, has already "been tendered to the state courts." (*Id.* at 21).  Indeed, WFB's conditional counterclaim for deficiency judgments presumably arises from state-court judgments already entered in the states where the purported counter-defendants owned their homes.  (*Id.* at 21-22).  The deficiencies between what the putative counter-defendants owed on their mortgages and the amounts WFB received from foreclosure sales of their homes would most efficiently and easily be pursued in the state courts where the judgments of foreclosure were entered.

Accordingly, the court should strike and/or dismiss WFB's permissive counterclaims in the interests of judicial economy, fairness and consistency and in keeping with the purpose of Federal Rule of Civil Procedure 13.

## III.    THE COURT SHOULD STRIKE AT LEAST TWENTY-SIX OF WFB'S REMAINING SIXTY AFFIRMATIVE DEFENSES.

A court may strike an affirmative defense pursuant to Federal Rule of Procedure 12(f) if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citation omitted).  Affirmative defenses are also subject to the general pleading requirements of Rule 8(a) and "must be stricken if [they] provide[] no more than … bare bones conclusory allegation[s]." *Id.* at 684; *see Home Mgmt. Solutions, Inc. v. Prescient, Inc.,* No. 07–20608–CIV, 2007 WL 24112834, at *2 (S.D. Fla. Aug. 21, 2007).  "As a general matter, courts have broad discretion in considering a motion to strike defenses." *Yazici v. Destiny of Davenport Fla., LLC*, 2011 WL 1233128, at *1 (M.D. Fla. Mar. 30, 2011).

WFB asserts sixty affirmative defenses to Plaintiffs' claims.  (D.E. 118 at 8-19).  Of the sixty, (A) two have already been rejected as legally insufficient defenses by this Court, (B)

twenty-one are not affirmative defenses at all, (C) one, asserting a statute of limitations defense, is invalid on its face because Plaintiffs defined the class to exclude claims barred by applicable statutes of limitation, (D) one, asserting an unclean hands defense, is invalid as a matter of law because Plaintiffs seek only economic damages, and (E) one violates Rule 8(a) because it is unsupported by ultimate facts and is duplicative of other affirmative defenses.

### A.   This Court Has Already Rejected Two of WFB's Affirmative Defenses.

This Court rejected two of WFB's sixty affirmative defenses as legally insufficient in its order on WFB's amended motion to dismiss. (D.E. 103).  WFB asserts in its Twenty-Sixth Affirmative Defense that Plaintiffs' claims are barred because WFB's conduct was "consistent with conduct approved by the Office of the Comptroller of the Currency [OCC], the Office of Thrift Supervision, and other federal regulators." (D.E. 118 at 12).  WFB raised this defense as part of its preemption argument in its amended motion to dismiss Plaintiffs' claims,[4] (D.E. 60 at 5-13), and the Court rejected the defense.  (D.E.103 at 12-21).  WFB repeats the same defense for a third time in its Thirty-Ninth Affirmative Defense, alleging that "[t]he claims are barred, in whole or in part, because they are preempted by the National Bank Act." (D.E. 118 at 14).  The Court's ruling that these defenses are legally insufficient to defeat Plaintiffs' claims is the law of the case.  *See, e.g., Acciard v. Whitney,* No. 2:07–CV–00476–FtM–36DNF, 2011 WL 4552564, at *2-*3 (M.D. Fla. Sept. 30, 2011) (striking affirmative defenses as barred by law of the case doctrine because court had resolved claims and allegations that formed basis of defense on a

---

[4] WFB argued in its amended motion to dismiss that the misconduct alleged by Plaintiffs was consistent with regulations promulgated by the OCC.  (D.E. 60 at 5-13).  This defense has already been rejected by the Court.  (D.E. 103 at 12-21).  To the extent that WFB contends that its conduct complied with regulations of other agencies, the Thirtieth Affirmative Defense should be stricken as conclusory because WFB does not specify to which regulations it refers.  *See, e.g., Microsoft Corp.*, 211 F.R.D. at 684 (affirmative defenses based on bare-bones conclusory allegations must be stricken).

motion to dismiss).  The Court should therefore strike WFB's Twenty-Sixth and Thirty-Ninth

Affirmative Defenses.  *See id.*

> **B.      Twenty-one of WFB's "Affirmative Defenses" Deny or Allege Defects in the Allegations That Comprise Plaintiffs' Claims.**

The Court should strike twenty-one of WFB's sixty remaining "affirmative defenses"

because they are not affirmative defenses at all, but statements denying or alleging defects in

Plaintiffs' claims against WFB.  *See, e.g., American Home Assurance Co. v. Weaver Aggregate*

*Transport, Inc.,*  No. 5:10–cv–329–Oc–10TBS, 2011 WL 4346576, at *3, *4 (M.D. Fla. Sept. 16,

2011) (striking two affirmative defenses because matter asserted "would constitute a defect in

American's prima facie case, not an affirmative defense"); *Vallesillo v. Remaca Truck Repairs,*

*Inc.,* 09–80714–CIV, 2009 WL 4807397, at *4 (S.D. Fla. Dec. 4, 2009) (striking affirmative

defenses because "simply put, a statement that alleges a defect in the plaintiff's case is a denial,

not an affirmative defense").   This is true of WFB's First and Thirteenth Affirmative Defense

(WFB not a party to the mortgage contracts) (D.E. 118 at 8, 10); Fifth Affirmative Defense

(alleged defect in Plaintiffs' unjust enrichment claim) (*id.* at 9, 18); Twelfth Affirmative Defense

(mitigation of damages) (*id.* at 10); Fifteenth Affirmative Defense (WFB did not breach an

express term of the contracts) (*id.*); Eighteenth and Forty-First Affirmative Defenses (no

damages suffered for some class members) (*id.* at 11, 14-15); Nineteenth and Fifty-Sixth

Affirmative Defenses (force-placed premiums are lower than voluntary coverage premiums in

many areas) (*id.* at 11, 18); Twentieth Affirmative Defense (Plaintiffs and the class could not

obtain voluntary coverage) (*id.* at 11);[5] Twenty-Second, Twenty-Fourth, Twenty-Fifth, and

---

[5] WFB alleges in its Twentieth Affirmative Defense that Plaintiffs' claims are barred "because Plaintiffs and the putative class could not obtain voluntary insurance coverage." (*Id.* at 11).  The upshot of this defense is that because Plaintiffs could not obtain coverage, WFB and its co-defendants were entitled to impose force-placed insurance premiums on the proposed class at any rate, and in any amount, they saw fit.  This goes to the reasonableness of Defendants' scheme, which is a critical disputed fact in this case.

Twenty-Ninth Affirmative Defenses (force-placed insurance premiums were reasonable/legal/in keeping with industry norms) (*id.* at 11-12); Twenty-Seventh Affirmative Defense (damages are speculative/impossibility of ascertaining damages) (*id.* at 12); Twenty-Eighth Affirmative Defense (WFB's conduct was legitimate) (*id.*); Thirty-Second and Thirty-Seventh Affirmative Defenses (inadequate representation by named Plaintiffs/case not appropriate for certification) (*id.*); Thirty-Third Affirmative Defense (commissions to WFI were reasonable) (*id.* at 13); Thirty-Fifth Affirmative Defense (no duty owed by WFB to putative class) (*id.* at 14); and Fifty-Seventh Affirmative Defense (speculative/unspecified state law defenses that will arise post-certification) (*id.* at 18).

### C.   WFB's Fifty-Fourth Affirmative Defense Is Precluded by the Definition of the Class.

WFB alleges in its Fifty-Fourth Affirmative Defense that applicable statutes of limitations in various states will bar the claims of the putative class in whole or in part.  (D.E. 118 at 17).  Plaintiffs, however, defined the class to include only "individuals who, *within the applicable statute of limitations,* were charged for a force-placed insurance policy procured from the Defendants."  (D.E. 44 ¶ 54) (emphasis added).  The Court should therefore strike WFB's Fifty-Fourth Affirmative Defense because it is insufficient as a matter of law.

### D.   WFB's Eighth Affirmative Defense (Unclean Hands) Is Invalid Because Plaintiffs Seek Economic Damages.

"The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses." *Coquina,* 2011 WL 4971923, at *15 (quoting *Regions Bank v. Old Jupiter, LLC,* No. 10–80188, 2010 WL 5148467, at *6 (S.D. Fla. Dec. 13, 2010)).  Plaintiffs

---

The Twentieth Affirmative Defense, therefore, alleges only a defect in Plaintiffs' claims and should be stricken as a matter of law.  *See, e.g., Vallesillo,* 2009 WL 4807397, at *4 (striking affirmative defenses alleging defects in plaintiff's case).

in this case seek to recover only damages. (D.E. 44 at 25-26).   Thus, the unclean hands affirmative defense is inapplicable as a matter of law. *See, e.g., Coquina,* 2011 WL 4971923, at *15 (citation omitted) (dismissing unclean hands affirmative defense where plaintiff sought money damages).

      **E.**    **WFB's Twenty-Third Affirmative Defense Should Be Stricken Because It Is Conclusory, Redundant, and Unsupported by Ultimate Facts.**

WFB alleges in its twenty-third affirmative defense that Plaintiffs' claims are barred because no case or controversy exists between WFB and Plaintiffs or the putative class, and the Court therefore lacks subject-matter jurisdiction over Plaintiffs' claims.  (D.E. 118 at 12).  The Court should strike this affirmative defense because it is unsupported by ultimate facts and therefore violates the pleading requirements of Federal Rule of Civil Procedure 8(a).  *See, e.g., Microsoft*, 211 F.R.D. at 684 (affirmative "must be stricken if [they] provide[] no more than … bare bones conclusory allegation[s]").  Moreover, WFB alleges lack of a case or controversy in at least three of its other fifty-nine affirmative defenses.  (D.E. 118 at 11, 17, 18).  This redundancy alone justifies striking the twenty-third affirmative defense. *See* Fed R. Civ. P 12(f) ("court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking, or in the alternative dismissing, WFB's counterclaims and striking at least twenty-six of WFB's affirmative defenses as set forth above.

Respectfully submitted,

s/   Adam M. Moskowitz

| | |
|---|---|
| Adam M. Moskowitz, Esq.<br>amm@kttlaw.com<br>Thomas A. Tucker Ronzetti, Esq.<br>tr@kttlaw.com<br>Rachel Sullivan, Esq.<br>rs@kttlaw.com<br>Robert J. Neary, Esq.<br>rn@kttlaw.com<br>**KOZYAK, TROPIN, &**<br>**THROCKMORTON P.A.**<br>2525 Ponce de Leon Blvd. 9th Floor<br>Coral Gables, FL 33134<br>Telephone: 305-372-1800<br>Facsimile: 305-372-3508<br>*Counsel for Plaintiffs* | Lance A. Harke, Esq.<br>lharke@harkeclasby.com<br>Howard M. Bushman, Esq.<br>hbushman@harkeclasby.com<br>**HARKE CLASBY & BUSHMAN LLP**<br>9699 NE Second Avenue<br>Miami Shores, Florida 33138<br>Telephone: 305-536-8220<br>Facsimile: 305-536-8229<br>*Counsel for Plaintiffs* |
| Jeffrey N. Golant, Esq.<br>jgolant@jeffreygolantlaw.com<br>**LAW OFFICES OF JEFFREY N.**<br>**GOLANT, P.A.**<br>1000 W. McNab Road, Suite 150<br>Pompano Beach, FL 33069<br>Telephone: 954-942-5270<br>Facsimile: 954-942-5272<br>*Counsel for Plaintiffs* | Chip Merlin, Esq.<br>cmerlin@merlinlawgroup.com<br>Mary E. Fortson, Esq.<br>mfortson@merlinlawgroup.com<br>Sean M. Shaw, Esq.<br>sshaw@merlinlawgroup.com<br>**MERLIN LAW GROUP, P.A.**<br>777 S. Harbour Island Blvd., Suite 950<br>Tampa, FL 33602<br>Telephone: 813-229-1000<br>Facsimile: 813-229-3692<br>*Counsel for Plaintiffs* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 14th day of November, 2011 and served by the same means on the following:  David B. Esau, Esq., desau@carltonfields.com, Michael K. Winston, Esq., mwinston@carltonfields.com, Carlton Fields, PA, City Place Tower, 525 Okeechobee Blvd., Suite 1200, West Palm Beach, FL 33401; Robyn C. Quattrone, Esq. rquattrone@buckleysandler.com, and Jennifer A. Slagle-Peck, Esq. jslaglepeck@BuckleySandler.com Buckley Sandler LLP, 1250 24th Street, NW, Suite 700, Washington, DC 20037; William Xanttopoulos, Esq., wxanttopoulos@berklawfirm.com, and William S. Berk, Esq., wberk@berklawfirm.com, Berk, Merchant & Sims, PLC, 2 Alhambra Plaza, Suite 700, Miami, FL 33134

By: _s/ Adam M. Moskowitz____