E

X

H

I

B

I

T

A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:11-CV-21233-RNS

| | |
|---|---|
| RAY WILLIAMS; LUIS JUAREZ; and MIGDALIAH JUAREZ; on behalf of themselves and all others similarly situated; | **STIPULATION AND SETTLEMENT AGREEMENT** |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A.; WELLS FARGO INSURANCE, INC.; QBE SPECIALTY INSURANCE COMPANY; and STERLING NATIONAL INSURANCE AGENCY, INC. (n/k/a QBE FIRST INSURANCE AGENCY, INC.) | |
| Defendants. | |

This Stipulation and Settlement Agreement ("Stipulation") is made and entered into by and among Plaintiffs:    Ray Williams, Luis Juarez, and Migdaliah Juarez (collectively "Plaintiffs"), Class Counsel, and Wells Fargo Bank, N.A., Wells Fargo Insurance Inc., QBE Specialty Insurance Company, and QBE FIRST Insurance Agency, Inc. (collectively the "Parties"), as those terms are hereafter defined.  This Stipulation is intended by the Parties hereto to fully, finally, and forever resolve, discharge, and settle the Released Claims (as hereafter defined) by and between Plaintiffs, the Settlement Class, and Wells Fargo Bank, N.A. ("Wells Fargo Bank"), Wells Fargo Insurance Inc. ("Wells Fargo Insurance"), QBE Specialty Insurance Company ("QBE Specialty"), and QBE FIRST Insurance Agency, Inc. ("QBE FIRST") (collectively "Defendants"), upon and subject to the terms and conditions hereof.

## I.    RECITALS

A.    On or about April 7, 2011, a complaint was filed in the United States District Court for the Southern District of Florida (the "Court") as Civil Action No. 1:11-cv-21233 entitled *Williams et al v. Wells Fargo Financial Inc. et al,* including all amended pleadings (the "Action") as a putative class action on behalf of all borrowers of Wells Fargo Bank who were charged for a Lender Placed Insurance policy issued through QBE Specialty or QBE FIRST during the applicable statute of limitations.

B.    The amended complaint in this action sought damages and restitution based upon claims for the breach of the implied covenant of good faith and fair dealing, violation of the Real

Estate Settlement and Procedure Act, unconscionability, unjust enrichment, and tortious interference with a business relationship arising from the purchase and placement of Lender Placed Insurance during the Class Period.

       C.      On September 19, 2011, the Court dismissed the claims for violation of the Real Estate Settlement and Procedure Act and unconscionability. The Court denied dismissal of the other claims asserted.

       D.      On February 21, 2012, the following class was certified in this Action: All borrowers that had mortgages with and/or serviced by Wells Fargo Bank, on property located within the State of Florida, that were charged, and who either paid or who still owe, premiums for a force-placed insurance policy within the applicable statute of limitations through April 7, 2011, unless (1) the lender has obtained a foreclosure judgment against the borrower; (2) the borrower has entered into a short-sale agreement with the lender; (3) the borrower has granted a deed in lieu of foreclosure to the lender; (4) the borrower has entered into a loan modification agreement with the lender; (5) the borrower has filed a claim for damages which has been paid in full or part by the force-placed insurer; or, (6) the cost of force-placed insurance was canceled out in full.  The Defendants appealed the Court's Order certifying the class to the Eleventh Circuit Court of Appeals which denied the Rule 23(f) petition.

       E.      On July 25, 2012, the Court modified the class to exclude borrowers who have any judgment against them, as opposed to just foreclosure judgments. The class definition in the matter was amended as follows: All borrowers that had mortgages with and/or serviced by Wells Fargo Bank, on property located within the State of Florida, that were charged, and who either paid or who still owe, premiums for a force-placed insurance policy within the applicable statute of limitations through April 7, 2011, unless (1) the lender has obtained a judgment against the borrower; (2) the borrower has entered into a short-sale agreement with the lender; (3) the borrower has granted a deed in lieu of foreclosure to the lender; (4) the borrower has entered into a loan modification agreement with the lender; (5) the borrower has filed a claim for damages which has been paid in full or part by the force-placed insurer; or, (6) the cost of force-placed insurance was canceled out in full.

       F.      As part of the settlement and for settlement purposes only, and by an order to be entered by the Court, a Settlement Class (as hereafter defined) will be certified, and then dismissed with prejudice upon the Effective Date (as hereafter defined) on behalf of the Settlement Class.

       G.      Plaintiffs and Class Counsel (as hereafter defined) recognize the considerable expense and length of a trial in the Action if it were to proceed against   Defendants, including possible appeals. Class Counsel also has taken into account the uncertain outcome and risk of litigation, especially in complex actions such as this Action.  Class Counsel also is mindful of and recognizes the alleged defenses to the claims asserted in the Action.  Plaintiffs and Class Counsel believe the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.

       H.      Notwithstanding this Stipulation, Plaintiffs and Class Counsel contend the claims

2

345853

alleged in the Action have merit and give rise to liability on the part of Defendants.

I.     Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action.  Defendants have asserted and continue to assert many defenses thereto, and have expressly denied and continue to deny any fault, wrongdoing, or liability whatsoever, arising out of the conduct alleged in the Action.  Neither this Stipulation nor any document referred to herein, nor any action taken to carry out this Stipulation, is or may be construed as, or may be used in any proceeding as an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever, or any infirmity of any defenses asserted by Defendants.

J.     Defendants have determined to settle the Action in the manner and upon the terms and conditions set forth herein solely in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of trial and appeals, and to resolve the ongoing dispute about the propriety of Defendants' conduct related to Lender Placed Insurance.

## II.     AGREEMENTS

Now, therefore, Plaintiffs, Class Counsel on behalf of the Settlement Class, and Defendants hereby stipulate and agree as follows:

### A.     Definitions

1.     "Action" means Civil Action No. 1:11-cv-21233 filed in United States District Court for the Southern District of Florida, entitled *Williams et al v. Wells Fargo Financial Inc. et al,* including all amended pleadings.

2.     "Authorized Claimant" means a Claimant who submits a Claim Form to the Claims Administrator, and whose claim is approved for payment or credit pursuant to the terms of this Stipulation.

3.     "Claimant" means any Settlement Class Member who submits a Claim Form in such manner and within such time as provided herein and in the Class Notice and Claim Form.

4.     "Claims Administration" means processing claims and refers to the  plan of allocation of the cash and credits as set forth in Section III hereof.

5.     "Claims Administrator" means the person or entity selected by Class Counsel to be responsible for all functions associated with the claims administration as described in Section II C and II G, except for those actions to be performed by Wells Fargo Bank.

6.     "Class Counsel" means the law firms of Kozyak Tropin & Throckmorton, P.A.; and Harke Clasby & Busman LLP.

3

345853

7.    "Class Period" means April 7, 2006 through February 21, 2013.

8.    "Court" means the United States District Court for the Southern District of Florida, Miami Division.

9.    "Defendants" means Wells Fargo Bank, Wells Fargo Insurance, QBE Specialty, and QBE FIRST.

10.   "Defendants' Counsel" means Severson & Werson, A Professional Corporation, which represents Wells Fargo Bank and Wells Fargo Insurance and Buckley Sandler LLP, which represents QBE Specialty and QBE FIRST.

11.   "Effective Date" means the first business day after the Judgment becomes final as a matter of law and is no longer subject to appellate review, either by the expiration of the time to appeal therefrom without any appeal having been taken, or, if an appeal is taken, by the determination of the appeal by the highest court to which such an appeal may be taken.  If an appeal is filed, the Effective Date shall be the first business day after the date of the final affirmance on appeal, the expiration of the time to file a petition for review by the United States Court of Appeals, 11th Circuit, or a writ of *certiorari* to the United States Supreme Court or, if *certiorari* or review is granted, the first business day after the date of final affirmance following review pursuant to that grant, or the final dismissal of any appeal or proceedings, or the conclusion of any proceedings on remand, including appeals or writs therefrom.

12.   "Final Approval" means Judgment has been entered in accordance with this Stipulation and the Effective Date has occurred.

13.   "Lender Placed Insurance" means Lender Placed fire, wind, and extended coverage insurance on real property and excluding Lender Placed flood insurance. Lender Placed Insurance is used interchangeably with the term "Force-Placed Insurance."  For purposes of this agreement, Lender Placed insurance does not include flood insurance.

14.   "Paid Settlement Class Member" means a Settlement Class Member who has paid for Lender Placed Insurance as of the end of the Class Period.

15.   "Judgment" means the Final Approval Order and Judgment of Dismissal with Prejudice to be entered by the Court in the Action.

16.   "Plaintiffs" means the named representatives in the Action, Ray Williams, Luis Juarez, and Migdaliah Juarez.

17.   "Plaintiffs' Counsel" means the law firms of Kozyak Tropin & Throckmorton, P.A.; Harke Clasby & Busman LLP; Jeffrey N. Golant, Esq.; and the Merlin Law Group.

18.   "QBE FIRST" means QBE FIRST Insurance Agency, Inc. and its

4

respective affiliates, subsidiaries, parents, officers, directors, agents, employees, predecessors, assigns, and successors.

19.    "QBE Specialty" means QBE Specialty Insurance Company and its respective affiliates, subsidiaries, parents, officers, directors, agents, employees, predecessors, assigns, and successors.

20.    "Released Claims" means the Released Claims of Plaintiffs, and the Released Claims of the Settlement Class, as set forth below.

    a.    Released Claims of Plaintiffs.

        *i.*    Upon Final Approval, Plaintiffs shall release and forever discharge the Released Parties from any and all claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, or liabilities, of any nature and description whatsoever known or unknown, whether in tort, contract, law, equity, or otherwise, that Plaintiffs (including their heirs, executors, administrators, successors, and assigns) had in the past, or now have against the Released Parties arising from or related to any act, act or omission, or failure to act through the Final Approval of this Stipulation. Plaintiffs understand and expressly acknowledge that unknown losses or claims could possibly exist, or that present losses may have been underestimated in amount or severity. Plaintiffs explicitly take that into account in entering into this Stipulation, and a portion of the consideration and the mutual covenants contained herein, have been bargained for between Plaintiffs and Defendants with the knowledge of the possibility of such unknown claims, and were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs expressly waive any and all statutory or common law rights relating to waivers and/or releases of unknown claims, including, but not limited to, claims or losses which, if Plaintiffs had knowledge of, would have materially affected their decision to enter into this Agreement.

        ii.    Excluded from the general release described in (i) above are claims arising after the Final Approval of the Stipulation.  In addition, nothing in this Stipulation shall be deemed a release of the Parties' respective rights and obligations under this Stipulation, nor shall this provision be deemed a release of Wells Fargo Bank from any existing obligations to Plaintiffs under their loan agreements with Wells Fargo Bank.

    b.    Released Claims of the Settlement Class.

        i.    Upon Final Approval, the members of the Settlement Class, other than Plaintiffs, shall be deemed to have covenanted and agreed that the Released Parties shall be forever released and discharged from any claims, actions, demands, causes of action, suits, liens, debts, obligations, damages, rights, or liabilities of any nature and description whatsoever, whether brought as an affirmative claim or as a defense, whether in tort, contract, law, equity, or otherwise, that the Settlement Class Members have had in the past, or now have against the Released Parties which relate  in

5

any way to Lender Placed Insurance, including, but not limited to, claims relating to charges for Lender Placed Insurance; alleged overcharges or overpayments for Lender Placed Insurance; any term or feature of any Lender Placed Insurance policy; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any Lender Placed Insurance Policy; the payment or receipt of amounts for tracking expenses, administrative expenses, or any other expenses, costs, or fees under any Lender Placed Insurance Policy; the disclosure or non-disclosure of any payment, expenses, fees, or feature under any Lender Placed Insurance policy; the receipt or non-disclosure of any other benefit under a Lender Placed Insurance policy; and the regulatory approval or non-approval of any Lender Placed Insurance policy. Excluded from the general release described in (i) above are (a) claims unrelated to charges for Lender Placed Insurance; (b) claims which exist between or among the Parties which are unrelated to the subject matter of this Stipulation, including, but not limited to, all rights and obligations under any loan, note, mortgage, deed of trust, or other documents evidencing or relating to any loan, note, mortgage, or deed of trust; and, (c) insurance claims or other claims made under any policy of Lender Placed Insurance. In addition, nothing in this Stipulation shall be deemed a release of the Parties' respective rights and obligations under this Stipulation.

21. "Released Parties" means the Defendants, and each of them, and their respective affiliates, subsidiaries, parent corporations, agents, representatives, employees, officers, directors, attorneys, investors, successors, assigns, and predecessors in interest.

22. "Settlement Class" means all borrowers who had a mortgage owned or serviced by Wells Fargo Bank (originally or through a bank that Wells Fargo Bank has purchased) on property located within the State of Florida, and were charged for Lender Placed Insurance issued through QBE Specialty or QBE FIRST between April 7, 2006 and February 21, 2013. This class excludes borrowers who: (1) the lender obtained a judgment against; (2) entered into a short-sale agreement with the lender; (3) granted a deed in lieu of foreclosure to the lender; (4) entered into a loan modification agreement with the lender; (5) filed a claim for damages which has been paid in full or party by the lender-placed insurer; or (6) had a lender-placed insurance policy in which the cost of the lender-placed insurance was canceled out in full. This class also excludes those members of the Class who properly elect to exclude themselves ("opt out") from the Settlement Class in accordance with the procedures set forth below in this Stipulation. The Settlement Class does not include Defendants, any entity in which Defendants have a controlling interest, or the legal representatives, heirs, successors or assigns of Defendants.

23. "Settlement Class Member" means any person included in the Settlement Class as defined above.

24. "Unpaid Settlement Class Member" means a Settlement Class Member who has incurred charges for, but has not paid for Lender Placed Insurance, as of the end of the Class Period.

6

345853

25.     "Wells Fargo Bank" means Wells Fargo Bank, N.A. and its respective affiliates, subsidiaries, parents, officers, directors, agents, employees, predecessors, assigns, and successors.

26.     "Wells Fargo Defendants" means Wells Fargo Bank and Wells Fargo Insurance.

**B.      The Settlement**

1.     Upon Final Approval, Plaintiffs and the Settlement Class shall be deemed to have dismissed the Action with prejudice.

2.     Upon Final Approval, Defendants shall be deemed to have dismissed the counterclaims brought against Plaintiffs without prejudice.

3.     Upon Final Approval, the Settlement Class shall be deemed to have fully, finally and forever released, relinquished, and discharged the Released Parties from and against any and all of the Released Claims of the Settlement Class.

4.     Upon Final Approval, Plaintiffs shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Parties from and against any and all of the all Released Claims of Plaintiffs.

5.     Upon Final Approval, Defendants shall release and forever discharge Plaintiffs and Class Counsel from any and all claims, arising out of, relating to or connected with the content, initiation, litigation, prosecution, or resolution of the Action. Notwithstanding the foregoing, nothing contained in this provision shall be deemed to be a release of Plaintiffs or Class Counsel from their respective rights and obligations under this Stipulation, nor shall this provision be deemed to be a release of Plaintiffs from any existing obligations to Wells Fargo Bank, including, but not limited to, under their loan agreements with Wells Fargo Bank.

6.     Defendants shall be responsible for making and shall make all payments, disbursements and credits required under this Stipulation.

7.     No person shall have any claim against the Plaintiffs, Class Counsel, Defendants, Defendants' Counsel, or any other designee of the Claims Administrator based on compliance with any provision of this Stipulation, the Claims Administration, or any further orders of the Court.

8.     This Stipulation constitutes a settlement of disputed claims. No person, including but not limited to Plaintiffs, a member of the Settlement Class, Class Counsel, Defendants, Defendants' Counsel, the Claims Administrator, or any other designee of the Claims Administrator, shall be entitled to offer into evidence the Judgment, the Stipulation, the Claims Administration, the Orders of the Court, or any other documents related to the Action in any proceeding which does not involve the Released Parties or

7

which does not relate to the propriety of Lender Placed Insurance premiums charged by the Released Parties. However, nothing in this Stipulation or documents referred to herein shall be construed to preclude the Released Parties from introducing or using the Judgment, this Stipulation, or any other documents referred to herein for purposes of any actual or threatened subsequent proceeding in which the Released Parties are or may be a party and which involves or may involve the propriety of Lender Placed Insurance premiums charged by Defendants. In addition, nothing in this Stipulation or other documents referred to herein shall be construed to preclude any Party from introducing or using the Judgment, this Stipulation, or any other documents referred to herein for purposes of enforcing the terms of this Stipulation and Judgment.

**C.     Costs of Notice and Administration of Settlement**

1.     Plaintiffs shall pay the costs of the Class Administrator. These costs include: (1) preparing, printing, and disseminating the Class Notice ("Notice") and Claim Form to the Settlement Class, substantially in the form of **Exhibits "1" and "2"** hereto; (2) publishing the Notice, substantially in the form of Exhibit 1, in a Florida publication; (3) receiving and compiling claims; (4) reviewing submitted Claim Forms for completeness, signatures, and timeliness; and (5) mailing checks to Paid Settlement Class Members who are Authorized Claimants with funds provided by Defendants.

2.     Wells Fargo Bank will bear the internal cost of the review of its loan servicing records for the Settlement Class members who submit valid Claim Forms.

3.     The Claims Administrator shall perform the activities described in this Section II C and in Section II G, except for the actions specified to be performed by Wells Fargo Bank in Section II G. Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel shall cooperate with the Claims Administrator in providing all reasonable assistance that may be required and, at their own expense, shall be entitled to reasonably monitor the activities of the Claims Administrator to verify the accuracy of the activities being performed.

**D.     The Preliminary Approval Order**

1.     Promptly after execution of this Stipulation by the Parties, Class Counsel shall submit this Stipulation, together with its exhibits, to the Court, and shall request that the Court enter an order substantially in the form of **Exhibit "3"** hereto (the "Preliminary Approval Order").

2.     The Preliminary Order shall contain provisions that, among other things, will:

a.     Conditionally expand the certified class to include the Settlement Class, for settlement purposes only;

b.     Preliminarily approve the Stipulation and the settlement set forth

8

345853

herein as fair, reasonable, and adequate;

        c.    Approve the form of the Notice and Claim Form in the form of Exhibits "1" and "2" for dissemination to the Settlement Class Members;

        d.    Direct Plaintiffs and/or the Claims Administrator to mail or cause to be mailed to the Settlement Class Members the Notice and Claim Form, by first class mail, on or before a date certain, in accordance with the procedures set forth in this Stipulation;

        i.    The Settlement Class Members shall be sent Notice substantially in the form of Exhibit "1" hereto and to the Claim Form substantially in form of Exhibit "2" hereto. Before mailing the Notice and Claim Form, the Claims Administrator shall cause an updated address search to be performed for each Settlement Class Member by using the National Change of Address search process, and the Notice and Claim Form shall be mailed to the address for each Settlement Class Member obtained through this process. If an updated address for a particular Settlement Class Member is not located through this process, the Notice and Claim Form will be mailed to the last known address Defendants have for the Settlement Class Member in their computerized records. Only one Notice and Claim Form will be mailed where one or more Settlement Class Members are co-borrowers and reside at the same address;

        e.    Find that the mailing and address search referred to above constitutes the best notice of the terms of this Stipulation practicable under the circumstances and that such notice is due and sufficient notice of the terms of this settlement and Stipulation and that the Notice fully satisfies the requirements of due process;

        f.    Provide that any Settlement Class Member who wants to share in the recovery provided for in this Stipulation shall complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, or online, postage paid and postmarked within sixty (60) days of the date the Notice is first mailed;

        g.    Schedule a hearing (the "Final Fairness Hearing") to be held by the Court to consider and determine (i) whether the proposed settlement set forth herein should be finally approved as fair, reasonable, and adequate as the same pertains to the Settlement Class, (ii) whether the Judgment should be entered, and (iii) the amount of attorneys' fees and reimbursement of expenses to be awarded to Class Counsel;

        h.    Provide that any Settlement Class Member may choose to be excluded from the Class ("opt out"), and that any such person who chooses to opt out of the Class will not be entitled to any refund or credit and will not be bound by the settlement or have any right to object, appeal, or comment thereon. To be valid the opt-out must be postmarked on or before forty-five (45) days from the date the Notice is first mailed;

9

i.    Provide that any objections to the settlement embodied in this Stipulation, or to any application for an award of attorneys' fees and reimbursement of expenses, shall be heard, and any papers submitted in support of any such objections, including verification of membership in the Class, shall be received and considered by the Court at the Final Fairness Hearing only if, on or before 45 days after the Notice is first mailed the persons making the objections shall file notice of their intention to appear (which shall set forth each objection and the basis therefor and verification of membership in the Class), with any papers in support of their position, and serve copies of all such papers upon Class Counsel and Defendants' Counsel on or before forty-five (45) days after the Notice is first mailed;

j.    Provide that, to the extent permitted by law, pending final determination as to whether the settlement contained in this Stipulation should be approved, Plaintiffs and the Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against Defendants; and

k.    Provide that the Final Fairness Hearing may, from time to time and without further notice to the Class, be continued or adjourned by order of the Court.

## E.    Judgment

1.    Following the Final Fairness Hearing and upon approval by the Court of the settlement contained in this Stipulation, the Judgment shall be entered by the Court.

2.    The Judgment shall be consistent with this Stipulation and contain provisions that, among other things, will:

a.    Approve the settlement embodied in this Stipulation, as fair, reasonable, and adequate as the same pertains to the Class;

b.    Approve the adequacy of Class Counsel and the named Plaintiffs as class representatives;

c.    Dismiss the Action as against Defendants with prejudice;

d.    Adjudge that Plaintiffs and the Settlement Class shall be deemed conclusively to have fully and finally released any and all Released Claims as to the Released Parties subject to the occurrence of the Effective Date;

e.    Bar and permanently enjoin Plaintiffs and all Settlement Class Members from prosecuting any and all Released Claims against the Released Parties;

f.    Find that, by operation of the entry of the Judgment, as of the Effective Date, Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Plaintiffs, and the Class Counsel, both individually and

10

on behalf of their respective firms, from any and all claims, arising out of, relating to, or in connection with the initiation, litigation, prosecution, or resolution of the Action. Notwithstanding the foregoing, nothing contained in this section shall be deemed to be a release by the Parties from their respective rights and obligations under this Stipulation;

    g. Find that, by operation of the entry of the Judgment, as of the Effective Date, Plaintiffs and the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished and discharged the Plaintiffs, all Settlement Class Members, and Class Counsel, both individually and on behalf of their firm, from any and all claims, arising out of, relating to, or in connection with the initiation, litigation, prosecution, or resolution of the Action;

    h. Adjudge that Defendants shall be deemed conclusively to have fully and finally released, relinquished, and discharged Plaintiffs and Class Counsel from any and all claims arising from or related to the initiation, prosecution, settlement, or dismissal of the Action; and

    i. Reserve jurisdiction, without affecting the finality of the Judgment entered, over: (i) interpretation, implementation, and enforcement of the settlement and any refunds or credits under the settlement; (ii) disposition of the proceeds of the settlement; (iii) the hearing and determination of applications for attorneys' fees and reimbursement of costs and expenses (including fees and costs of experts and/or consultants); and (iv) the enforcement and administration of this Stipulation.

## F. Application for Attorneys' Fees and Reimbursement of Expenses

    1. Class Counsel in the Action may submit one or more applications in the Action for payment to them of an award of attorneys' fees and costs, to be determined by the Court in a total amount not to exceed $5,480,000.00. Defendants will not object to Class Counsel's request for attorneys' fees and costs, provided that the request does not exceed $5,480,000.00.

    2. The Court may also award Plaintiffs Ray Williams $10,000 and Luis and Migdaliah Juarez $10,000 jointly (a total of $20,000), which amount, if awarded, shall be paid in addition to the total award of attorneys' fees and costs which are otherwise not to exceed $5,480,000.00. Any such award of attorneys' fees and costs and payments to Plaintiffs shall be paid by Defendants separate from and in addition to amounts paid to Authorized Claimants under the settlement. Any attorneys' fees, costs, expenses, or Plaintiffs' payments awarded by the Court shall be placed in an interest bearing account at a federally insured depository institution within 10 days of the entry of Judgment as set forth above in Section E, and the Court's award of fees and costs. No funds may be withdrawn from the interest bearing account without the express written consent of all Parties' counsel. Upon Final Approval, counsel for all Parties shall instruct the third party managing the escrow account to disburse the amount of attorneys' fees and costs awarded to Plaintiffs' Counsel and Plaintiffs' payments to Class Counsel. At that time, the amount of attorneys' fees and costs awarded to Plaintiffs' Counsel and Plaintiffs'

11

payments will be paid to the law firm of Kozyak Tropin & Throckmorton, P.A or the law firm of Harke Clasby & Bushman LLP within 10 days after Final Approval.    If the settlement is terminated, all funds in the escrow account, along with interest thereon, will be returned to Defendants.  If the amount of attorney's fees and expenses are reduced by any Court, the difference shall be returned to Defendants, along with the interest earned on the surplus.  Costs include all costs incurred by Plaintiffs and Plaintiffs' Counsel in this Action, including, but not limited to, the costs of experts, depositions, research, travel, word processing, notice and claims processing for the certified class, and notice sent by Plaintiffs to members of the Settlement Class and copying.

3.      Defendants and Defendants' Counsel agree not to challenge, oppose, or comment upon any application for the award of attorneys' fees and reimbursement of expenses to the Court, provided that such applications comply with the provisions of this Stipulation.

4.      Except for Defendants' obligation to pay Class Counsel's attorneys' fees, costs and expenses as set forth in this Stipulation, no party to this Stipulation shall have any obligation to pay attorney's fees, costs, or expenses to any other party, attorney or Settlement Class member, and each party shall bear its own attorneys' fees, costs and expenses.

5.      The procedure for and the allowance or disallowance by the Court of any application by Class Counsel for fees, costs, and expenses are not part of the settlement of the Released Claims as set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims set forth in this Stipulation.  Any separate order making a finding, ruling, or holding with respect to any fee and/or expense application, or any separate appeal from any order making such a finding, ruling, or holding, shall not operate to terminate or cancel this Stipulation, or otherwise affect or delay the finality of the Judgment or the approval of this Stipulation and the settlement of this litigation as set forth herein.  Any award of fees, costs, and expenses to Class Counsel is within the Court's discretion.  The remainder of this Stipulation is binding and enforceable notwithstanding any ruling made by the Court with respect to fees, costs, and expenses, and notwithstanding whether or not the Court awards Class Counsel less than requested.

## G.    Claims Administration

1.      Included with the Notice will be a Claim Form where each Class Member may indicate whether they believe, to the best of their recollection, that they have either paid and/or incurred charges for and still owe Wells Fargo Bank for Lender Placed Insurance.  Each Class Member must return the Claim Form to the Class Administrator to be eligible for a refund or credit.

2.      Wells Fargo Bank will review its loan servicing records for Settlement

12

Class Members who sign and return valid Claim Forms (and that state that the Class Member has paid and/or has incurred charges for and still owes Wells Fargo Bank for Lender Placed Insurance) to confirm the information contained in the Claim Forms. Further, Wells Fargo Bank will determine the exact amount paid and/or owed by the Authorized Claimant for Lender Placed Insurance. Wells Fargo Bank shall provide the Claims Administrator with a report stating the amount of the payment or credit that each Authorized Claimant is entitled to.

3.      The Claims Administration process shall be subject to Plaintiffs' reasonable review and audit, at Plaintiffs' expense.

4.      The Claims Administrator shall review all Claim Forms timely received and shall verify the claim to reasonably ensure its validity and accuracy as may be reasonably necessary.

5.      Paid Settlement Class Members whose Claim Forms are timely, valid, and approved shall become entitled to a refund. Any Settlement Class Member who believes he or she is a Paid Settlement Class Member must complete, sign, and return in a proper and timely fashion the Claim Form as provided for in the Preliminary Approval Order, via first class U.S. mail or equivalent, or online, postage paid, postmarked on or before on or before sixty (60) days after the Notice and Claim Form are mailed to the Settlement Class Member. Each Claim Form must be signed by all borrowers on the loan. Any Claim Form that is not submitted by first class mail or equivalent, or online, or is postmarked after the applicable date, or is not addressed to the address in the Claim Form, or is not signed by the necessary member(s) of the Settlement Class, will not constitute a valid claim and may be rejected unless otherwise ordered by the Court.

6.      Each Authorized Claimant who is determined to be a Paid Settlement Class Member shall receive a payment equal to 25% of the Lender Placed Insurance premium paid by the Authorized Claimant during the Class Period. Upon Final Approval, Wells Fargo Bank will calculate the amount of refund or credits that are owed to the Authorized Claimants, if any. Within one hundred and twenty days (120) of Final Approval, Defendants shall deliver the aggregate amount of refunds due to Authorized Claimants to the Class Administrator, along with a list of which Authorized Claimants are owed refunds and the amount of the refunds owed. Only one refund will be made per loan for all amounts that are due under this Agreement; in those cases where more than one borrower is obligated on the loan, a single refund check shall be issued in the names of all borrowers on the loan. The checks shall remain valid and negotiable for one-hundred eighty (180) days from issuance and may thereafter automatically be canceled if not cashed within that time. Any Authorized Claimants who are determined to be a Paid Settlement Class Member and whose checks are not cleared within one-hundred and eighty (180) days from issuance shall be ineligible for a cash refund.

7.      Unpaid Settlement Class Members whose Claim Forms are timely, valid, and approved shall become entitled to a credit or at Defendants' sole election a refund.

13

Unpaid Settlement Class Members must complete, sign and return in a proper and timely fashion the Claim Form as provided for in the Preliminary Approval Order, via first class U.S. mail or equivalent, or online, postage paid, postmarked on or before sixty (60) days after the Notice and Claim Form are mailed to the Settlement Class Member. Each Claim Form must be signed by all borrowers on the loan. Any Claim Form that is not submitted by first class mail or equivalent, or online, or is postmarked after the applicable date, or is not addressed to the address in the Claim Form, or is not signed by the necessary member(s) of the Settlement Class, will not constitute a valid claim and may be rejected unless otherwise ordered by the Court.

8.      Each Authorized Claimant who is an Unpaid Settlement Class Member shall receive a refund or a credit equal to 25% of the Lender Placed Insurance premium incurred and owed by the Settlement Class Member during the Class Period. Defendants have the option of issuing a refund or a credit to Unpaid Settlement Class Members who are Authorized Claimants. If Defendants elect to issue a credit to an Unpaid Settlement Class Member who is an Authorized Claimant, all credits shall be applied by Wells Fargo Bank first to any escrow account, then to any arrearages on the loan, then to the principal balance owing on the loan. If the amount of the credit exceeds the total amount due on the loan at the time the credit is issued, the remaining credit balance will be paid to the Settlement Class Member by check. Upon receipt of Claim Forms, credits shall be issued within one hundred twenty (120) days after the Effective Date. If an Unpaid Settlement Class Member pays off his or her loan in full (including all principal, interest and any other amounts due, including Lender Placed Insurance charges) after the end of the Class Period and before the issuance of credits under this paragraph, then that Unpaid Settlement Class Member shall receive a cash refund as set forth in Paragraph G (4) above. To the extent that the loan of any Unpaid Settlement Class Member is not in default but is currently being serviced by another servicer, then the Unpaid Class Member shall receive a cash refund.

9.      For Authorized Claimants who constitute both Paid Settlement Class Members and Unpaid Settlement Class Members, Defendants may decide, at their sole discretion, whether to provide such Authorized Claimants with credits, cash, or a combination thereof. However, the credit may not exceed the remaining amount owed for Lender Placed Insurance.

### III.      GENERAL PROVISIONS

A.      The Parties hereto agree to cooperate to the extent necessary to effectuate all terms and conditions of this Stipulation.

B.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. To the extent that there is any conflict between the terms of this Stipulation and the exhibits attached hereto, this Stipulation shall control.

C.      This Stipulation and the exhibits attached hereto constitute the entire agreement

14

345853

between the Parties and supersede all prior agreements and understandings.  This Stipulation may be amended or modified only by written instrument which may be signed by counsel for the Parties.

D.      Class Counsel, on behalf of the Settlement Class, is authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms as the same pertains to the Settlement Class and is also authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which Class Counsel deems appropriate.  This authorization is limited by the fact that Class Counsel represents only the members of the Settlement Class who have not elected to exclude themselves from the Settlement Class.

E.      The persons signing this Stipulation on behalf of the Wells Fargo Defendants are authorized to sign this Stipulation on behalf of the Wells Fargo Defendants.

F.      The persons signing this Stipulation on behalf of QBE Specialty and QBE FIRST are authorized to sign this Stipulation on behalf of QBE Specialty and QBE FIRST.

G.      Plaintiffs shall sign this Stipulation.

H.      This Stipulation may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts and a complete set of executed counterparts shall be filed with the Court.

I.      Class Counsel has a continuing obligation to comply with the Protective Order that was filed with the Court on September 7, 2011.  Unless otherwise agreed to by either Defendant, Class Counsel agrees that no discovery will be used in any other case, whether or not the Released Parties are involved in that case.

J.      The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith, including any injunction.

K.      Each of the Parties has cooperated in the drafting and preparation of this Stipulation.  Hence, in any construction to be made of this Stipulation, the same shall not be construed against any of the Parties.

L.      Before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Stipulation valid and enforceable.  After applying this rule of construction and still finding a provision invalid, the Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision.  The

15

invalidity of any one provision shall not render this Stipulation otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Stipulation after application of the rules of construction set forth in this paragraph.

M.   All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the internal laws of the State of Florida.

N.   The Parties hereto and their respective counsel agree that they shall not issue any press release regarding the terms of this Stipulation.

16

345853

Dated: _4- 2 / —_ , 2013                    By: _Ray Williams_
                                                 RAY WILLIAMS

                                            PLAINTIFF
                                            LUIS JUAREZ

Dated:_____, 2013                 By: _____
                                                 LUIS JUAREZ

                                            PLAINTIFF
                                            MIGDALIAH JUAREZ

Dated:_____, 2013                 By: _____
                                                 MIGDALIAH JUAREZ

                                            DEFENDANT
                                            WELLS FARGO BANK, N.A.

Dated:_____, 2013                 By: _____

                                            DEFENDANT
                                            WELLS FARGO INSURANCE INC.

Dated:_____, 2013                 By: _____

                                            DEFENDANT
                                            QBE SPECIALTY INSURANCE
                                            COMPANY

Dated:_____, 2013                 By: _____

                                            DEFENDANT
                                            QBE FIRST INSURANCE AGENCY, INC.

Dated:_____, 2013                 By: _____


**FORM:**                                   **APPROVED AS TO CONTENT AND**

                                            KOZYAK TROPIN & THROCKMORTON,
                                            P.A.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed

as of _____, 2013.

PLAINTIFF
RAY WILLIAMS

Dated:_____, 2013

By: _____
       RAY WILLIAMS

PLAINTIFF
LUIS JUAREZ

Dated: 4/22/, 2013

By: _____
       LUIS JUAREZ

PLAINTIFF
MIGDALIAH JUAREZ

Dated: 4- 22-, 2013

By:_____
       MIGDALIAH JUAREZ

DEFENDANT
WELLS FARGO BANK, N.A.

Dated:_____, 2013

By: _____

DEFENDANT
WELLS FARGO INSURANCE INC.

Dated:_____, 2013

By: _____

DEFENDANT
QBE SPECIALTY INSURANCE COMPANY

Dated:_____, 2013

By: _____

DEFENDANT
QBE FIRST INSURANCE AGENCY, INC.

Dated:_____, 2013

By: _____

16

PLAINTIFF
LUIS JUAREZ

Dated:_____, 2013          By: _____
                                        LUIS JUAREZ

PLAINTIFF
MIGDALIAH JUAREZ

Dated:_____, 2013          By: _____
                                        MIGDALIAH JUAREZ

DEFENDANT
WELLS FARGO BANK, N.A.

Dated:_____, 2013          By: _____

DEFENDANT
WELLS FARGO INSURANCE INC.

Dated:_____, 2013          By: _____

DEFENDANT
QBE SPECIALTY INSURANCE COMPANY

Dated:_____, 2013          By: _____

DEFENDANT
QBE FIRST INSURANCE AGENCY, INC.

Dated:_____, 2013          By: _____

**APPROVED AS TO CONTENT AND FORM:**

KOZYAK TROPIN & THROCKMORTON, P.A.

Dated:_____, 2013          By: _____
                                        ADAM M. MOSKOWITZ
                                        Class Counsel and Counsel for Plaintiffs

                                   2525 Ponce de Leon, 9th Floor
                                   Coral Gables, Florida 33134
                                   Telephone: (305) 372-1800; Fax: (305) 372-3508

11

**APPROVED AS TO CONTENT AND FORM:**

KOZYAK TROPIN & THROCKMORTON, P.A.

Dated: _May 12_, 2013          By: _____
                                      ADAM M. MOSKOWITZ
                                      Class Counsel and Counsel for Plaintiffs

                                2525 Ponce de Leon, 9th Floor
                                Coral Gables, Florida 33134
                                Telephone:  (305) 372-1800; Fax: (305) 372-3508

                                HARKE CLASBY & BUSMAN LLP

Dated:_____, 2013     By: _____
                                      Lance A. Harke
                                      Class Counsel and Counsel for Plaintiffs

                                9699 NE Second Avenue
                                Miami Shores, Florida 33138
                                Telephone:  (305) 536-8220; Fax: (305) 536-8229

                                JEFFREY N. GOLANT

Dated:_____, 2013     By: _____
                                      Jeffrey N. Golant
                                      Counsel for Plaintiffs

                                100 W. McNab Rd.
                                Pompano Beach, FL 33069
                                Telephone: (954) 942-5270; Fax: (954) 942-5272

                                MERLIN LAW GROUP

Dated:_____, 2013     By: _____
                                      Chip Merlin
                                      Counsel for Plaintiffs

                                777 S. Harbour Island Blvd.
                                Tampa, FL 33602
                                Telephone: (813) 229-1000; Fax: (813) 229-3692

                                SEVERSON & WERSON

18

345853

Dated: 7/27/, 2013

HARKE CLASBY & BUSMAN LLP

By: _____
    Lance A. Harke
    Class Counsel and Counsel for Plaintiffs

9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220; Fax: (305) 536-8229

JEFFREY N. GOLANT

Dated: _____, 2013

By: _____
    Jeffrey N. Golant
    Counsel for Plaintiffs

100 W. McNab Rd.
Pompano Beach, FL 33069
Telephone: (954) 942-5270; Fax: (954) 942-5272

MERLIN LAW GROUP

Dated: _____, 2013

By: _____
    Chip Merlin
    Counsel for Plaintiffs

777 S. Harbour Island Blvd.
Tampa, FL 33602
Telephone: (813) 229-1000; Fax: (813) 229-3692

SEVERSON & WERSON
A Professional Corporation

Dated: 04/29, 2013

By: _____
    Michael J. Steiner
    Counsel for WELLS FARGO BANK, N.A.
    AND WELLS FARGO INSURANCE, INC.

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344; Fax: (415) 956-0439

BUCKLEY SANDLER LLP

11

**APPROVED AS TO CONTENT AND FORM:**

KOZYAK TROPIN & THROCKMORTON, P.A.

Dated:_____, 2013

By: _____
    ADAM M. MOSKOWITZ
    Class Counsel and Counsel for Plaintiffs

2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:  (305) 372-1800; Fax: (305) 372-3508

HARKE CLASBY & BUSMAN LLP

Dated:_____, 2013

By: _____
    Lance A. Harke
    Class Counsel and Counsel for Plaintiffs

9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone:  (305) 536-8220; Fax: (305) 536-8229

JEFFREY N. GOLANT

Dated:_____, 2013

By: _____
    Jeffrey N. Golant
    Counsel for Plaintiffs

100 W. McNab Rd.
Pompano Beach, FL 33069
Telephone: (954) 942-5270; Fax: (954) 942-5272

MERLIN LAW GROUP

Dated: _April 22_, 2013

By: _____
    Chip Merlin
    Counsel for Plaintiffs

777 S. Harbour Island Blvd.
Tampa, FL 33602
Telephone: (813) 229-1000; Fax: (813) 229-3692

SEVERSON & WERSON
A Professional Corporation

17

**APPROVED AS TO CONTENT AND FORM:**

KOZYAK TROPIN & THROCKMORTON, P.A.

Dated:_____, 2013

By: _____
    ADAM M. MOSKOWITZ
    Class Counsel and Counsel for Plaintiffs

2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800; Fax: (305) 372-3508

HARKE CLASBY & BUSMAN LLP

Dated:_____, 2013

By: _____
    Lance A. Harke
    Class Counsel and Counsel for Plaintiffs

9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220; Fax: (305) 536-8229

THE LAW OFFICES OF JEFFREY N. GOLANT,
P.A.

Dated: 4/24/13, 2013

By: _____
    Jeffrey N. Golant
    Counsel for Plaintiffs

1000 W. McNab Rd.
Pompano Beach, FL 33069
Telephone: (954) 942-5270; Fax: (954) 942-5272

MERLIN LAW GROUP

Dated:_____, 2013

By: _____
    Chip Merlin
    Counsel for Plaintiffs

777 S. Harbour Island Blvd.
Tampa, FL 33602
Telephone: (813) 229-1000; Fax: (813) 229-3692

SEVERSON & WERSON

17

Dated:_____, 2013

By: _Robyn Quattrone_
Robyn Quattrone
Counsel for QBE SPECIALTY
INSURANCE COMPANY AND QBE
FIRST INSURANCE AGENCY, INC.

1250 24th Street, NW
Suite 700
Washington, DC 20037
Telephone: (202) 349-8000; Fax: (202) 349-8080

11

HARKE CLASBY & BUSMAN LLP

Dated:_____, 2013

By: _____
    Lance A. Harke
    Class Counsel and Counsel for Plaintiffs

9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone:  (305) 536-8220; Fax: (305) 536-8229

JEFFREY N. GOLANT

Dated:_____, 2013

By: _____
    Jeffrey N. Golant
    Counsel for Plaintiffs

100 W. McNab Rd.
Pompano Beach, FL 33069
Telephone: (954) 942-5270; Fax: (954) 942-5272

MERLIN LAW GROUP

Dated:_____, 2013

By: _____
    Chip Merlin
    Counsel for Plaintiffs

777 S. Harbour Island Blvd.
Tampa, FL 33602
Telephone: (813) 229-1000; Fax: (813) 229-3692

SEVERSON & WERSON
A Professional Corporation

Dated: 04/29_____, 2013

By: _____
    Michael J. Steiner
    Counsel for WELLS FARGO BANK, N.A.
    AND WELLS FARGO INSURANCE, INC.

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344; Fax: (415) 956-0439

BUCKLEY SANDLER LLP

11

EXHIBIT 1

UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA

# If you were charged or paid for Lender Placed Hazard or Wind Insurance by Wells Fargo or Wachovia Bank in Florida between April 7, 2006 and February 21, 2013 and QBE First purchased the insurance, you may be entitled to a Cash Payment or Credit.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A Proposed Settlement has been reached in a class action styled, *Williams, et al. v. Wells Fargo Bank, et al.*, Case No.: 11-CV-21233, (S.D. Fla.), on behalf of the following class: All borrowers who had a mortgage owned or serviced by Wells Fargo Bank (originally or through a bank that Wells Fargo Bank has purchased) on property located within the State of Florida, and were charged for Lender Placed Insurance issued through QBE Specialty or QBE FIRST between April 7, 2006 and February 21, 2013.

However, you are *not* a member of the class if, with regard to the mortgage in question, you fall in one of these six categories:  (1) the lender obtained a judgment against you; (2) you entered into a short-sale agreement with the lender;  (3) you granted a deed in lieu of foreclosure to the lender; (4) you entered into a loan modification agreement with the lender; (5) you filed a claim for damages which has been paid in full or part by the force-placed insurer; or, (6) the cost of force-placed insurance was canceled out in full. Further, this lawsuit **does** **not** concern claims related to Forced Placed Flood Insurance.

**What is This Case About?** The Plaintiffs allege Wells Fargo and QBE agreed to an exclusive arrangement to charge over-priced "force-placed" or lender-placed insurance on a borrower's property when the borrower's insurance lapsed.  Defendants deny all of the allegations, including that the force-placed insurance was overpriced.  The Court has not yet decided whether the Defendants did anything wrong.  There has been no decision on the merits.  However, your legal rights are affected, and you have a choice to make now.

**What is the Settlement?**  The Defendants have agreed to pay a 25% refund of all amounts for which you have either paid and/or been charged for lender placed insurance, in the form of a cash refund to those that paid the charges or credits for those that have only been billed.  You must submit a claim form to receive these benefits. For more information on the settlement benefits or Class Counsel's attorney's fees and expenses request, please go to www.fpilitigation.com.

**How Do I Make a Claim?**  If you wish to obtain a payment or credit from the settlement, assuming you are eligible, you **MUST** file a claim.  A pre-printed Claim Form appears on the reverse side of this Notice.  You must FULLY COMPLETE AND SIGN the Claim Form and mail it to "FPI Litigation" Settlement Administrator, c/o CAC Services Group, 1601 Southcross Dr., W Burnsville, MN 55306.  **THE**

**CLAIM FORM MUST BE POST-MARKED ON OR BEFORE _____, 2013. You may also make a claim online at www.fpilitigation.com.**  If you have questions regarding your Claim Form, please call 1-800-XXX-XXXX or visit **www.fpilitigation.com.**

**What is The Settlement Approval Procedure?** The Court has scheduled a final fairness hearing for _____ at _____, in Courtroom 12-3 of the Wilkie D. Ferguson, Jr. Federal Courthouse, Courtroom 12-3, 400 North Miami Avenue, Miami, Florida, 33128.  Although you may attend this hearing in person or through your own attorney, you are not required to do so.  If you are a member of the Settlement Class, and choose to remain in the class, you need not take any action and will be bound by any orders and judgments of the Court.  You will also give up any rights to sue the Defendants in a lawsuit concerning the issues raised in this lawsuit.

You can exclude yourself, or "opt-out," of the Class if you do not wish to participate in the proposed settlement. This means you cannot file a claim for a payment or credit from settlement. To exclude yourself, you must mail a written request for exclusion that includes: (1) a statement requesting exclusion from the Proposed Settlement; (2) your name and address; and (3) your original signature.  Your request must be postmarked no later than _____ and mailed to "FPI Litigation" Settlement Administrator, c/o CAC Services Group, 1601 Southcross Dr. W Burnsville, MN 55306.

You can comment on or object to all or part of the proposed settlement if you do not exclude yourself from the Class.  Your objection must be in writing, personally signed by you, including the specific reason(s) for the objection and any legal support you wish to bring to the Court's attention.  Your objection must be filed with the Court no later than _____, with a copy mailed to all three parties as follows: (1) Co-Lead Class Counsel, Adam Moskowitz, Kozyak Tropin & Throckmorton, P.A., 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134; (2) Wells Fargo's Counsel, Michael J. Steiner, Esq., Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, California 94111; and (3) QBE's Counsel Robyn C. Quattrone, Buckley Sandler LLP, 1250 24th Street, NW, Suite 700, Washington, DC 20037.  For more information on the claims that you are giving up if you stay in the Class, how to file a claim, exclude yourself, or object, please call 1-800-XXX-XXXX.

**If you have questions or want a detailed notice, visit www.fpilitigation.com**
**Para más Información Sobre Este Pleito, Visite www.fpilitigation.com**
**Pou Plis Information Sous Proces An, Al Sous Site www.fpilitigation.com**
**[CLAIM FORM ON REVERSE SIDE]**

E
X
H
I
B
I
T
2

*Williams, et al. v. Wells Fargo Bank, et al.*
**Case No.: 11-CV-21233, (S.D. Fla.)**

# CLAIM FORM

If you were charged or paid for Lender Placed Hazard or Wind Insurance by Wells Fargo or Wachovia Bank in Florida between April 2, 2006 and February 21, 2013 for a policy issued by QBE Specialty Insurance Company or Empire Indemnity, you may be entitled to a 25% Cash Refund or Credit of the amounts you paid or were charged for forced placed insurance. This compensation will be paid because of a settlement in the above-referenced case. Filling out this form will not affect the continued validity, terms, commitments and obligations of any mortgage and the terms and conditions related thereto that you currently may be a party to except as explained herein. You are not entitled to a refund if (1) the lender obtained a judgment against you; (2) you entered into a short-sale agreement with the lender; (3) you granted a deed in lieu of foreclosure to the lender; (4) you entered into a loan modification agreement with the lender; (5) you filed a claim for damages which has been paid in full or part by the force-placed insurer; or, (6) the cost of force-placed insurance was canceled out in full.

If you wish to obtain payment, complete this form and mail it to: "FPI Litigation" Settlement Administrator, c/o CAC Services Group, 1601 Southcross Dr. W Burnsville, MN 55306. You may call toll free: x-xxx-xxx-xxxx or visit www.fpilitigation.com for more information. **Your claim form must be postmarked by __XXXX , 2013__. You must return this form or file a claim online to be eligible for payment.**

**CLAIMANT IDENTIFICATION:**

20004435     (Bar Code)
JOHN DOE
1234 SMITH AVENUE
MIAMI, FL 33161
(Payment will be made to the above address)
**QBE Insurance Policy Number:** _____

**PLEASE PRINT LEGIBLY**

| PLEASE MAKE ADDRESS CORRECTIONS IF DIFFERENT FROM THE PREPRINTED DATA TO THE LEFT. |
|---|
| Name: |
| Address: |
| City, State & Zip Code: |

Email address (optional): _____ @ _____

*Please mail your claim to:*

FPI Litigation Settlement Administrator
c/o CAC Services Group
1601 Southcross Dr.
W Burnsville, MN 55306

**You May Also File Your Claim Online at www.fpilitigation.com**

BY SUBMITTING THIS CLAIM FORM I AM REQUESTING AND AUTHORIZING WELLS FARGO TO CONDUCT A REVIEW OF MY BORROWER FILE TO DETERMINE THE AMOUNT I WAS BILLED, PAID, AND/OR CURRENTLY OWE FOR FORCED PLACED HAZARD OR WIND INSURANCE IN ORDER TO CALCULATE WHETHER I AM ENTITLED TO A 25% CASH REFUND OR CREDIT.

TO THE BEST OF MY RECOLLECTION, I HAVE EITHER PAID, AND/OR BEEN BILLED AND STILL OWE, WELLS FARGO FOR LENDER PLACED HAZARD OR WIND INSURANCE BETWEEN APRIL 7, 2006 AND FEBRUARY 21, 2013.

THE INFORMATION PROVIDED HEREIN IS TRUE AND CORRECT, I HAVE PERSONAL KNOWLEDGE OF THE INFORMATION WHICH I AM PROVIDING OR I HAVE INVESTIGATED THE FACTS AND CAN SWEAR TO THE ACCURACY OF THE INFORMATION I AM PROVIDING.

_____          _____
Signature (Borrower)                                         Date

**1** | P a g e

_____          _____
Signature (Co-Borrower)                                             Date


_____
Print Name

*It is recommended that you keep a copy of this completed form and a copy of a post office receipt or other proof showing the date you mailed this form, if available. If you provided a valid e-mail address on this form, you should receive an e-mail confirmation acknowledging receipt of your claim form within fourteen (14) days of the Claim Administrator's receipt of your claim form.  If you do not receive a confirmation e-mail, contact the Claims Administrator at the number provided above.*

EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 1:11-CV-21233-RNS

RAY WILLIAMS; LUIS JUAREZ; and
MIGDALIAH JUAREZ; on behalf of
themselves and all others similarly situated;

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; QBE
SPECIALTY INSURANCE COMPANY;
and STERLING NATIONAL INSURANCE
AGENCY, INC. (n/k/a QBE FIRST
INSURANCE AGENCY, INC.)

        Defendants.

_____/

### PRELIMINARY APPROVAL ORDER

WHEREAS, this action is pending before this Court as a Florida class action (the "Action"); and

WHEREAS, the Class Counsel and Defendants' Counsel have applied to this Court for an order approving the settlement of this Action in accord with a Stipulation of Settlement, dated as of _____ (the "Stipulation"), which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice as against Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, it is hereby ORDERED:

1.      This order incorporates by reference the definitions in the Stipulation, and all terms defined therein, shall have the same meaning as set forth in the Stipulation. The Court hereby expands the previously-certified Class for settlement purposes only.

2.      The Court hereby approves the Notice and Claim Form in the form of Exhibits 1 and 2 to the Stipulation for dissemination to the Settlement Class Members. The Court preliminarily approves the Stipulation and the Settlement contained therein as fair, reasonable and adequate.

3.      A hearing (the "Hearing") shall be held before this Court on _____, at ____.m. in the United States District Court for the Southern District of Florida, Room 12-3, located at 400 North Miami, Ave, 33128, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be finally approved by the Court; whether the Judgment as set forth in the Stipulation should be entered herein; whether the Claims Administration contained in the Stipulation should be approved as fair and reasonable to the Settlement Class Members; and the

amount of attorneys' fee and reimbursement of expenses that should be awarded to Class Counsel in accordance with the Stipulation. The Court may adjourn or continue the Hearing without further notice to the Class.

4.    The Court finds that the mailing and distribution of the Notice and Proof of Claim substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.    The Court hereby appoints CAC Services Group, LLC ("CAC") as the Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to the Settlement Class Members the Notice and Claim Form by first class mail on or before _____ (the "Notice Date"). The Claims Administrator shall disseminate the Notice and Claim Form by mailing such document by first class mail, postage prepaid, to the Settlement Class Members. Before mailing the Notice and Claim Form, the Claims Administrator shall cause an updated address search to be performed for each Settlement Class Member using the National Change of Address search process, and the Notice and Claim Form shall be mailed to the address for each Settlement Class Member obtained through this process. If an updated address for a particular class member is not located through this process, the Notice and Claim Form will be mailed to the last known address Defendants have for that Settlement Class Member in their computerized records. Only one Notice and Claim Form will be mailed where one or more Settlement Class Members are co-borrowers and reside at the same address.

6.    The Court hereby finds that the Settlement Class Members who wish to participate must complete and return the Claim Form pursuant to the instructions contained therein by first class mail, postage paid and postmarked, claims may also be made online at

3

www.fpilitigation.com , on or before sixty (60) days after the Notice and Claim Form are mailed to the Settlement Class Member.  At least five (5) days before the Hearing, the Claims Administrator shall file a sworn statement evidencing compliance with the provisions of this Order.

7.     No person who is not a Plaintiff, a Settlement Class Member, or Class Counsel shall have any right to any payment or credit or have any standing in this Action.   Settlement Class Members who have not requested exclusion shall be bound by all determinations of the Court, and the Stipulation and Judgment whether favorable or unfavorable.

8.     Any Settlement Class Member may appear and show cause, if they have any reason why the proposed settlement of the Action embodied in the Stipulation and Judgment and the proposed Claims Administration should or should not be approved as fair, reasonable, and adequate; why the Judgment should or should not be entered as set forth in the proposed Stipulation;  or why attorneys' fees and reimbursement of expenses should or should not be awarded to Class Counsel in the amount requested.  Provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same or the fees and expenses to be awarded, unless on or before _____, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Settlement Class upon Kozyak Tropin & Throckmorton, P.A., Attn: Adam Moskowitz, 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134; Severson & Werson, Attn: Michael Steiner, One Embarcadero Center, Suite 2600, San Francisco, CA 94111; and Buckley Sandler LLP, Attn: Robyn C. Quattrone, 1250 24th Street, NW, Suite 700, Washington, DC 20037 and

4

filed said objections, papers, and briefs with the Clerk of this Court.  In order to be valid, said papers must be filed with the Clerk of this Court and received by all of the above counsel by the date set forth above.

9.     Any Settlement Class Member who does not make their objection in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to, or appeal of, the fairness, reasonableness, appropriateness, or adequacy of the proposed settlement as incorporated in the Stipulation and Judgment, to the proposed Claims Administration and the award of fees and expenses to Class Counsel.

10.    Any Settlement Class Member may choose to opt out of and be excluded from the Settlement Class.  Such persons may do so by submitting a written request to the Claims Administrator postmarked no later than _____.  Any written request to opt out must be signed by each such person opting out, and in the case of joint owners, must be signed by each joint owner.  The written request to opt out should set forth the owner(s) name(s), property address and loan number(s) (if available).  Any person who chooses to opt out of and be excluded from the Settlement Class, will not be entitled to any recovery and will not be bound by the settlement or have any right to object, appeal, or comment thereon.

11.    All papers in support of the settlement and any application by Class Counsel for fees or reimbursement of expenses shall be filed on or before _____.

To the extent of the Court award of attorneys' fees, expenses and/or costs to Class Counsel, which shall not exceed $5,480,000.00, such fees, award, expenses, and costs shall be paid by Defendants to the law firm Kozyak Tropin & Throckmorton, P.A. or the law firm of Harke Clasby & Bushman LLP. Upon payment to Kozyak Tropin & Throckmorton, P.A. or the law

firm of Harke Clasby & Bushman LLP, Defendants, Defendants' Counsel, and the Claims Administrator, shall have no further liability or responsibility to Class Counsel, or any vendors or third parties employed by Plaintiffs or Class Counsel, for attorney's fees, expenses, and/or costs incurred by the Class Counsel on behalf of the Settlement Class in the Action.

12.    To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, Plaintiffs and all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against the Released Parties.

13.    The Court reserves the right to adjourn or continue the date of the Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.


Dated:

                                  _____
                                  THE HONORABLE ROBERT N. SCOLA, JR.
                                  UNITED STATES DISTRICT JUDGE