# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:11-CV-21233-RNS

RAY WILLIAMS; LUIS JUAREZ; and
MIGDALIAH JUAREZ; on behalf of
themselves and all others similarly situated;

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; QBE
SPECIALTY INSURANCE COMPANY;
and STERLING NATIONAL INSURANCE
AGENCY, INC. (n/k/a QBE FIRST
INSURANCE AGENCY, INC.)

        Defendants.
_____/

**PRELIMINARY APPROVAL ORDER**

WHEREAS, this action is pending before this Court as a Florida class action (the "Action"); and

WHEREAS, the Class Counsel and Defendants' Counsel have applied to this Court for an order approving the settlement of this Action in accord with a Stipulation of Settlement, dated as of _____ (the "Stipulation"), which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice as against Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, it is hereby ORDERED:

1. This order incorporates by reference the definitions in the Stipulation, and all terms defined therein, shall have the same meaning as set forth in the Stipulation. The Court hereby expands the previously-certified Class for settlement purposes only.

2. The Court hereby approves the Notice and Claim Form in the form of Exhibits 1 and 2 to the Stipulation for dissemination to the Settlement Class Members. The Court preliminarily approves the Stipulation and the Settlement contained therein as fair, reasonable and adequate.

3. A hearing (the "Hearing") shall be held before this Court on _____, at \_\_\_\_.m. in the United States District Court for the Southern District of Florida, Room 12-3, located at 400 North Miami, Ave, 33128, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be finally approved by the Court; whether the Judgment as set forth in the Stipulation should be entered herein; whether the Claims Administration contained in the Stipulation should be approved as fair and reasonable to the Settlement Class Members; and the

amount of attorneys' fee and reimbursement of expenses that should be awarded to Class Counsel in accordance with the Stipulation. The Court may adjourn or continue the Hearing without further notice to the Class.

4. The Court finds that the mailing and distribution of the Notice and Proof of Claim substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. The Court hereby appoints CAC Services Group, LLC ("CAC") as the Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to the Settlement Class Members the Notice and Claim Form by first class mail on or before _____ (the "Notice Date"). The Claims Administrator shall disseminate the Notice and Claim Form by mailing such document by first class mail, postage prepaid, to the Settlement Class Members. Before mailing the Notice and Claim Form, the Claims Administrator shall cause an updated address search to be performed for each Settlement Class Member using the National Change of Address search process, and the Notice and Claim Form shall be mailed to the address for each Settlement Class Member obtained through this process. If an updated address for a particular class member is not located through this process, the Notice and Claim Form will be mailed to the last known address Defendants have for that Settlement Class Member in their computerized records. Only one Notice and Claim Form will be mailed where one or more Settlement Class Members are co-borrowers and reside at the same address.

6. The Court hereby finds that the Settlement Class Members who wish to participate must complete and return the Claim Form pursuant to the instructions contained therein by first class mail, postage paid and postmarked, claims may also be made online at

3

www.fpilitigation.com , on or before sixty (60) days after the Notice and Claim Form are mailed to the Settlement Class Member.  At least five (5) days before the Hearing, the Claims Administrator shall file a sworn statement evidencing compliance with the provisions of this Order.

7. No person who is not a Plaintiff, a Settlement Class Member, or Class Counsel shall have any right to any payment or credit or have any standing in this Action.  Settlement Class Members who have not requested exclusion shall be bound by all determinations of the Court, and the Stipulation and Judgment whether favorable or unfavorable.

8. Any Settlement Class Member may appear and show cause, if they have any reason why the proposed settlement of the Action embodied in the Stipulation and Judgment and the proposed Claims Administration should or should not be approved as fair, reasonable, and adequate; why the Judgment should or should not be entered as set forth in the proposed Stipulation;  or why attorneys' fees and reimbursement of expenses should or should not be awarded to Class Counsel in the amount requested.  Provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same or the fees and expenses to be awarded, unless on or before _____, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Settlement Class upon Kozyak Tropin & Throckmorton, P.A., Attn: Adam Moskowitz, 2525 Ponce de Leon, 9th Floor, Coral Gables, Florida 33134; Severson & Werson, Attn: Michael Steiner, One Embarcadero Center, Suite 2600, San Francisco, CA 94111; and Buckley Sandler LLP, Attn: Robyn C. Quattrone, 1250 24th Street, NW, Suite 700, Washington, DC 20037 and

filed said objections, papers, and briefs with the Clerk of this Court. In order to be valid, said papers must be filed with the Clerk of this Court and received by all of the above counsel by the date set forth above.

9. Any Settlement Class Member who does not make their objection in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to, or appeal of, the fairness, reasonableness, appropriateness, or adequacy of the proposed settlement as incorporated in the Stipulation and Judgment, to the proposed Claims Administration and the award of fees and expenses to Class Counsel.

10. Any Settlement Class Member may choose to opt out of and be excluded from the Settlement Class. Such persons may do so by submitting a written request to the Claims Administrator postmarked no later than _____. Any written request to opt out must be signed by each such person opting out, and in the case of joint owners, must be signed by each joint owner. The written request to opt out should set forth the owner(s) name(s), property address and loan number(s) (if available). Any person who chooses to opt out of and be excluded from the Settlement Class, will not be entitled to any recovery and will not be bound by the settlement or have any right to object, appeal, or comment thereon.

11. All papers in support of the settlement and any application by Class Counsel for fees or reimbursement of expenses shall be filed on or before _____.
To the extent of the Court award of attorneys' fees, expenses and/or costs to Class Counsel, which shall not exceed $5,480,000.00, such fees, award, expenses, and costs shall be paid by Defendants to the law firm Kozyak Tropin & Throckmorton, P.A. or the law firm of Harke Clasby & Bushman LLP. Upon payment to Kozyak Tropin & Throckmorton, P.A. or the law

firm of Harke Clasby & Bushman LLP, Defendants, Defendants' Counsel, and the Claims Administrator, shall have no further liability or responsibility to Class Counsel, or any vendors or third parties employed by Plaintiffs or Class Counsel, for attorney's fees, expenses, and/or costs incurred by the Class Counsel on behalf of the Settlement Class in the Action.

12. To the extent permitted by law, pending final determination as to whether the settlement contained in the Stipulation should be approved, Plaintiffs and all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any Released Claims against the Released Parties.

13. The Court reserves the right to adjourn or continue the date of the Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

Dated:

_____
THE HONORABLE ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE