UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-21233-Civ-SCOLA

RAY WILLIAMS; LUIS JUAREZ;
and MIGDALIAH JUAREZ;
on behalf of themselves and all others         CLASS ACTION
similarly situated;

      Plaintiffs,
vs.

WELLS FARGO BANK, N.A., *et al*.,

      Defendants.
_____/

**ORDER APPROVING CLASS SETTLEMENT, CLASS COUNSELS' FEES, AND EXPENSES, AND FOR ENTRY OF FINAL JUDGMENT AND DISMISSAL**

This matter came before the Court for hearing on September 11, 2013 (the "Settlement Hearing") pursuant to the Order of this Court, dated May 28, 2013, on the application of the Plaintiffs for approval of the settlement set forth in the Settlement Agreement between the parties. Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

    1.    The Court takes notice that the parties hereto have entered into a settlement embodied in the Settlement Agreement. A true and correct copy of the Settlement Agreement, without exhibits, is attached hereto as Exhibit 1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action styled *Williams, et. al. v. Wells Fargo Bank, N.A. et. al.*, Case No.: 1:11-21233-CIV-SCOLA/TURNOFF (S.D. Fla.) (the "Action") and over all parties to the Action, including the Class Representative, all Members of the Class, and Defendants.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court, by Order dated May 28, 2013 [D.E. 351], certified an expanded class consisting of the following:

> All borrowers who had a mortgage owned or serviced by Wells Fargo Bank (originally or through a bank that Wells Fargo Bank has purchased) on property located within the State of Florida, and were charged for Lender Placed Insurance issued through QBE Specialty or QBE FIRST between April 7, 2006 and February 21, 2013. This class excludes borrowers who: (1) the lender obtained a judgment against; (2) entered into a short-sale agreement with the lender; (3) granted a deed in lieu of foreclosure to the lender; (4) entered into a loan modification agreement with the lender; (5) filed a claim for damages which has been paid in full or party by the lender-placed insurer; or (6) had a lender-placed insurance policy in which the cost of the lender-placed insurance was canceled out in full.

4. The Court finds: (a) that the Notice as provided for in this Court's Order dated May 28, 2013 constituted the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement embodied in the Settlement Agreement and Class Counsels' right to apply for attorney's fees and reimbursement of expenses associated with the Action, and of the right of Class Members to object thereto; (b) that said Notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process; and (c) that a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the foregoing matters.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court approves the Settlement, as embodied in the Settlement Agreement, and finds that the Settlement

is, in all respects, fair, reasonable, and adequate. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6. The Court finds that Class Counsel has been more than adequate in their representation of the Settlement class. The Court hereby awards Class Counsel 22.2% of the $24,730,000 in monetary value provided to the Settlement Class, which sum the Court finds to be fair and reasonable. The total awarded for all attorneys' fees, costs, and expenses to Class Counsel is $5,480,000.00. The Court finds that the total amount of fees requested falls within the benchmark range. Moreover, the fee is reasonable in view of the great risk in asserting these claims; the novelty and difficulty of the questions involved; the excellent results achieved for the class and the extensive time and effort it took to achieve the results by experienced litigators.

7. The Court finds that Representative Plaintiffs Ray Williams (individually) and Luis and Migdaliah Juarez (collectively) are all typical and adequate for the Settlement class. The Court hereby awards $10,000.00 to each of the Representative Plaintiffs which shall be paid by Defendants in addition to the settlement benefits.

8. The case is hereby **DISMISSED** on the merits with prejudice as to all Defendants, without costs to any party as against any other party, except as otherwise provided in the Settlement Agreement. All pending motions are **DENIED AS MOOT**.

9. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement,

the settlement itself, or this Action generally, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of the Defendants, or (c) any fault or omission of any of the Defendants, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Settlement Agreement and/or this Judgment in any action that may be brought against either or both of them in order to support a claim, defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim or claim.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) the disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement and this Judgment.

**DONE AND ORDERED** at chambers, in Miami, Florida, on September 11, 2013.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**